CASE 14—PETITION EQUITY—DECEMBER 13.

## Turpin, &c., vs. Thompson, &c.

APPEAL FROM WAYNE CIRCUIT COURT.

1. A promissory note, although not payable to bearer, may be the subject of a gift *causa mortis* by delivery merely; and in such case the wife may be the donee.

2. A widow, holding a note by gift *causa mortis*, married, and subsequently assigned the note to another, who brought an action upon it, making the wife a co-plaintiff with him in the action. It was not alleged that the assignment by her was made with her husband's assent or authority. *Held*—That the petition should be dismissed without prejudice.

CRAVENS & ALEXANDER for appellants.

E. L. & J. S. VANWINKLE, for appellees, cited 2 *Kent*, 444–5; 2 *Wharton*, 17; 3 *P. Williams*, 356; 2 *Kent*, 439; 3 *Mon.*, 34.

Turpin, &c., vs. Thompson, &c.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

That the note of fifty dollars on the appellee, James Thompson, was given by Dickerson Thompson, to whom it was payable, to his wife, in his last illness, and in contemplation of his death, is fully established by the testimony.

It was formerly held that a promissory note, unless payable to bearer, was not the subject of a gift *causa mortis*, without an assignment thereon from the donor to the donee. This decision was made upon the idea that a promissory note being a mere *chose in action*, no interest therein passed by delivery, and, therefore, an assignment of it was indispensable to make it take effect as a gift *causa mortis*.

But the more modern doctrine is, that the beneficial interest in a promissory note may pass by delivery ; and under the Code of Practice which is in force in this State, the holder thereof, if he be the beneficial owner, not only may, but must, sue thereon in his own name.

In *Snellgrove vs. Bailey* (3 *Atk. Rep.*, 214) the gift of a bond *causa mortis*, by delivery merely, was held good as passing an equitable interest thereto ; and that decision was afterwards adhered to in subsequent cases.

In this country promissory notes and other choses in action are all considered proper subjects of a valid donation *causa mortis*. (2 *Kent's Commentaries*, side page, 447, and the cases there referred to.)

It is well settled that in such a case the wife may be the donee; and as the note, which was the subject of the gift, was in this case delivered to the wife, the right to it vested in her absolutely upon the death of the donor.

According to the weight of the testimony in the cause, the whole amount of the note is due, no part of it having been paid. Nor is the payor of the note entitled to the credits claimed by him.

The note was executed for part of the price of a tract of land, and whether the purchaser can obtain a good title thereto does not very clearly appear. But the petition should not have been dismissed on this ground. The purchaser has no right to retain both the land and the money.

The plaintiff, Turpin, did not, however, show any right to the note sued on. The widow to whom it belonged intermarried with a man by the name of Davis, who, thereupon, became entitled to the note in question if he chose to collect it during coverture. Turpin asserts title to it under an assignment from Mrs. Davis, the wife, but does not allege that the assignment by her was made with the husband's assent. As a married woman, she had no power or right to assign the note, unless the assignment was made by the authority of the husband, and, consequently, the assignee having failed to allege that the assignment was made by the authority or with the assent of the husband, has not made it appear that he is entitled to the note, or has any right to collect the debt.

The fact that he made the wife a co-plaintiff in the action, does not aid or strengthen his claim to the note. She could not maintain a suit in her own name upon it, nor can she consent that the amount thereof may be paid to her assignee.

But as the wife may become entitled to the debt by survivorship, and in that event the judgment in this case might possibly present some obstacle to her right of recovery, the dismissal of the action should have been without prejudice and not absolute.

Wherefore, the judgment is reversed and cause remanded, with directions to dismiss the petition without prejudice, unless the plaintiff, Turpin, shall, within a reasonable time, file an amended petition, stating facts sufficient to entitle him to the benefit of the note sued on.