CASE 61—PETITION EQUITY—APRIL 4.

# Kemper, &c., vs. Kemper's adm'r.

### APPEAL FROM OWEN CIRCUIT COURT.

A father in his last illness, and in contemplation of death, which ensued in a few days, executed a writing, giving specified portions of his estate to certain children and grand-children, and delivered the writing to two sons, whom he charged with the xeecution of the trust, and to whom he also delivered the property so given. *Held*— That it was a valid donation *mortis causa.* (2 *Edw. Ch.*, 333 ; 2 *Met.*, 420.)

G. W. CRADDOCK, for appellants, cited 3 *Binney*, 366–70 ; 10 *Conn.*, 480 ; 2 *Barb.*, 94 ; 14 *Pick.*, 198 ; 10 *Mass.*, 427 ; 1 *Nott & Mc.*, 237 ; *Dudley's Eq.*, 14, 18, 23 ; 3 *Story*, 755, 763 ; 2 *Barb.*, 94 ; 16 *Vermont*, 206, 596 ; 1 *Texas*, 151 ; 5 *Litt.*, 12 ; 2 *Gill & J.*, 209 ; 4 *Grat.*, 472 ; 8 *Humph.*, 503 ; 2 *Met.*, 156 ; 1 *Paige*, 316 ; 24 *Pick.*, 261 ; 15 *Maine*, 429 ; 18 *Conn.*, 410.

T. N. LINDSEY, for appellee, cited 14 *B. M.*, 532 ; 2 *Revised Statutes, p.* 22.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought in the court below by Steel, as the administrator of Benjamin J. Kemper, deceased, against appellants, to compel them to surrender to him the personal estate, which he alleges belonged to said decedent at his death, and which they wrongfully withhold from him.

Appellants resist his right to recover upon the ground that decedent, before his death, disposed of the whole of his personalty, and, having divested himself of his entire estate dur-

ing his life, he left nothing to be administered, or to which appellee, as his personal representative, was entitled.

Upon final hearing, judgment was rendered in favor of the administrator, from which this appeal is prosecuted.

It appears from the evidence that on the 8th of December, 1859, decedent executed a writing, attested by two subscribing witnesses, in which the names of such of his children and grand-children are written, to whom he gave his estate, consisting principally in money and cash notes, with the amount each one was to have set opposite his or her name, and delivered the paper to his two sons, Joel and Benjamin, to keep, and charged them with the execution of the trust.

The important and decisive question in this controversy is, was this a donation *mortis causa?*

It is established by the testimony, that at the time the paper was executed the decedent was in the full enjoyment of all his mental faculties, and free from all improper and undue influences from any one; so that what was done was the voluntary act of a mind entirely competent to its performance. And it is also proved that it transpired in his last illness, in contemplation of death, which ensued in a few days.

The rule of law is, that unless there be a delivery of the thing intended to be given there cannot be a perfection of a donation *mortis causa;* consequently, whatever is incapable of being delivered, cannot be the subject of such a donation; but it will be sufficient if the delivery be made to a third person, in trust for the donee, and in such a manner as the thing to be delivered is susceptible of. (*Minchin vs. Merrill,* 2 *Edw. Ch.,* 333.)

In *Turpin, &c., vs. Thompson* (2 *Met.,* 420), this court held, that a promissory note was the subject of a gift *causa mortis* without an assignment thereon from the donor to the donee, and the beneficial interest therein would pass by delivery; and, under the Civil Code, the holder, being the beneficial owner, not only may, but must, sue thereon in his own name.

It is further said, in the opinion *supra,* upon the authority of 2 *Kent's Commentaries, side page,* 447: " In this country promissory notes, and other choses in action, are all considered

proper subjects of a valid donation *causa mortis;*" and other authorities are cited sustaining the doctrine.

The only remaining question is, whether the donation was, in this case, consummated by a delivery?

The witnesses who were present when decedent executed the writing relied upon by appellants—and there were several of them—prove he delivered it to his sons Joel and Benjamin, with directions respecting it, and to some of them he, in substance, said he had placed his property in their hands, directed them to collect the money on the notes, and pay it out according to his expressed purpose; and he had confidence in them that they would do right.

It is shown by appellee's own pleadings that they had the effects in their possession, and it is difficult to resist the conclusion that they were delivered over to them by their father in his lifetime, to be held by them in trust for the beneficiaries designated; and as there is no proof, or even allegation, that they were not executing faithfully the trust confided to them, no sufficient reason is perceived for disturbing them, and taking from their control that which had been confided to them by the owner, and placing it under the control, *sub modo,* of one who had no personal interest in the estate.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss appellee's petition.