ANNA T. SCHELL, executrix, *vs.* JOSEPHINE M. SCHULER,
administratrix *de bonis non* with the will annexed.

Suffolk.   January 15, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Words,* "Connected therewith."

A testator devised to his son " all the real estate at 1354 and 1358 Washington
St. Boston, together with all the personal property connected therewith, con-
sisting of horses, carriages carts furniture fixtures, the good will in the business
all stock in trade — the same now used in part as a bakery and dwelling houses."
When the testator made his will and at the time of his death he owned a chose
in action consisting of a claim against the Boston Elevated Railway Company
for damages to the above named property from the construction and operation
of its elevated railway. The testator had other real estate which he devised
for the benefit of two of his daughters. He directed that his son to whom he
made the devise above quoted should pay to a third daughter of the testator
$5,000 out of his "share above stated, which with the amounts that I have here-
tofore given her I believe is her fair share." The will contained no residuary
clause. The inventory of the testator's estate showed that there was other
property not disposed of by the will. *Held,* that the devise to the son of the
testator did not include the claim for damages, which must be distributed as
intestate property not disposed of by the will.

In a devise of real estate on a city street " together with all the personal property
connected therewith, consisting of horses, carriages carts furniture fixtures,
the good will in the business all stock in trade — the same now used in part as
a bakery and dwelling houses" the words "connected therewith" do not de-
scribe or include a claim against a corporation operating an elevated railway
for damages to the real estate from the construction and operation of its
railway in front of the premises.

APPEAL from a decree of the Probate Court for the county of
Suffolk allowing the account of Peter C. Schell as executor of the
will of Peter Schell, late of Boston.

Peter Schell died on January 3, 1900.   He left a widow and
four children, namely, Peter C. Schell, Mrs. Katie Luppold,
Mrs. Mary A. Reiss [written " Rice " by the testator] and Mrs.
Josephine M. Schuler.   The will of Peter Schell, omitting the
introductory and attesting clauses, was as follows:

" After the payment of my just debts and funeral charges, I
bequeath and devise as follows:

" To Peter C. Schell, my·son, all the real estate at 1354 and
1358 Washington St. Boston, together with all the personal
property connected therewith, consisting of horses, carriages

carts furniture fixtures, the good will in the business all stock in trade — the same now used in part as a bakery and dwelling houses. I also appoint him, said Peter C. my son, executor of this my will, requesting that he be not required to give bond.

" I direct that my said son, Peter C. as soon after my death as may be, pay to Katie Luppold, my daughter, wife of Frank Luppold, now residing in Heidleburg, Germany, five thousand (5000$) dollars out of his, Peter C's share above stated, which with the amounts that I have heretofore given her I believe is her fair share.

" To Mary Ann Rice, my daughter, wife of Joseph Rice, six thousand dollars (6000$) out my homestead at 1224 & 1226 Washington St. Boston, or if she prefirs and elects to retain said 1224 & 1226 property she shall pay to Josephine M. Schuler, my daughter, wife of Mathew Schuler, six thousand dollars (6000$) as soon after my death as may be. After my death if said property at 1224 & 1226 should bring 18000$ or more or if the same should bring less than that amount and Mr. Rice should decline to keep it and pay 6000$ to Mrs. Schuler, after my death and the death of my wife I direct that said property at 1224 and 1226 Washington St. be sold and the proceeds above the sum of 6000$ first to be paid to Mrs. Rice, the balance of the amount be devided equally between the said Mrs. Rice and Mrs. Schuler I mention this as Mrs. Schuler has already had six thousand and Mrs. Rice nothing.

" I direct that so long as my wife lives she shall be provided for out of my said estate as she directs and desires for her comfort and support."

The case was heard on appeal by *Loring*, J. The principal question was in regard to $5,500 and interest due for damage done by the elevated railway to the estate numbered 1354–1358 Washington Street. The right to compensation for this damage had accrued not only before the testator's death, but before he made his will. The justice decided that this claim for damages did not pass by the devise of the property numbered 1354–1358 Washington Street to Peter C. Schell and was undisposed of by the will, and, being of opinion that the question whether the claim for damages passed under the will of Peter Schell to Peter C. Schell, or whether Peter Schell died intestate so far as that

property was concerned, so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, with the consent of the parties reported that question for determination by the full court.

*H. P. Harriman,* (*H. E. Perkins* with him,) for the plaintiff.

*W. C. Cogswell,* for the defendant.

MORTON, J. The only question arising upon the report is, whether the claim for damages by reason of the location of the railway in front of the premises 1354 and 1358 Washington Street passed to Peter C. Schell under the will of his father Peter Schell, or is undevised estate. The devise is as follows: " To Peter C. Schell, my son, all the real estate at 1354 and 1358 Washington St. Boston, together with all the personal property connected therewith, consisting of horses, carriages carts furniture fixtures, the good will in the business all stock in trade — the same now used in part as a bakery and dwelling houses." The only other clause in the will which is now material immediately succeeds this and is as follows: " I direct that my said son, Peter C. as soon after my death as may be, pay to Katie Luppold, my daughter, wife of Frank Luppold, now residing in Heidleburg, Germany, five thousand (5000$) dollars out of his, Peter C's share above stated, which with the amounts that I have heretofore given her I believe is her fair share." The claim for damages accrued before the execution of the will, and the contention of those representing the estate of Peter C. Schell, the son, is that the words " which with the amounts that I have heretofore given her I believe is her fair share " in the bequest to Katie Luppold show in connection with the rest of the will and the circumstances of the case an intention on the part of Peter Schell not to die intestate, and that, in order to avoid intestacy and carry out the testator's intention, the words " consisting of horses, carriages carts " etc. can be and should be disregarded and the devise of " all the real estate at 1354 and 1358 Washington St. Boston, together with all the personal property connected therewith " can be and should be construed to include the claim for damages.

It is no doubt true that in the search for the testator's intention words may be disregarded or supplied if thereby his intention as manifested by the language used may be brought to light

and effect given to it. *Boston Safe Deposit & Trust Co.* v. *Buffum,* 186 Mass. 242. *Dean* v. *Gibson,* L. R. 3 Eq. 713. If, for instance, it appeared in the present case that the testator intended to dispose of the whole of his estate by his will and intestacy would be avoided by disregarding the words " consisting of horses " etc., that might be done. So too if it clearly appeared that he intended to include the claim for damages in the devise of the real estate at 1354 and 1358 Washington Street, effect would be given to such intention notwithstanding the words describing the personal property which follow. But there is no residuary clause in the will and we do not see how an intention not to die intestate can be inferred from the words quoted above from the Katie Luppold bequest and the circumstances as disclosed by the agreed facts. The inventory shows that the will did not in fact dispose of the whole estate so that if there was such an intention it failed of accomplishment. And the words quoted from the Katie Luppold bequest may have referred and probably did refer to what was her fair share as compared with the $6,000 given to each of her sisters.

The question then remains whether the devise of the real estate at 1354 and 1358 Washington Street can or should be construed to include the claim for damages. If the devise had been of the real estate, and of all of the personal property " consisting of horses " etc., there would be strong ground for holding that the description of the personal property was a *falsa demonstratio,* and that the claim for damages passed under the general phrase " all personal property." But the devise is not of the real estate and all the personal property, but of the real estate " together with all the personal property connected therewith, consisting " etc. Although the claim for damages grew out of the real estate devised it cannot be said in any proper sense to be " connected therewith." At the time when the will was executed the claim for damages was a chose in action. It had no connection with the real estate and would not have been included in a conveyance thereof. It is possible that the testator, if he thought of the matter at all, may have supposed that it was included in the devise to his son. But as the will is drawn, we feel compelled to hold that the claim for damages did not pass to the son, but must be regarded as intestate property.

*Decree accordingly.*