BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
WALTER N. BUFFUM, administrator, & others.

Middlesex. December 9, 1903. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER. & LORING, JJ.

*Devise and Legacy,* Construction.

Words omitted from a will presumably by mistake can be supplied by the court only when the words used by the testator show by necessary implication what words were omitted. Following *Child* v. *Child,* 185 Mass. 376.

A testator having a son and a daughter left to his son $100 " if in the opinion of the trustees he is worthy of it," and left the bulk of his property to trustees, to convert it wholly into personal property and pay the net income to his daughter " for her sole use and benefit during her natural life." At the time of the testator's death his next of kin were his son and daughter. *Held,* that as to the disposition of his property after the death of his daughter the testator died intestate.

BILL IN EQUITY, filed February 27, 1903, by the trustee under the will of Abial Coolidge, late of Cambridge, for instructions.

The case came on to be heard before *Morton,* J., who at the request of the parties reserved it upon the bill and answers and an agreement of the parties for determination by the full court.

*W. D. Whitmore, Jr.,* for the trustee.

*W. N. Buffum,* special administrator, *pro se.*

*J. W. Corcoran & W. B. Sullivan,* for James F. Coolidge and others, submitted a brief.

LORING, J. Abial Coolidge by his last will and testament directed that his debts be paid, bequeathed his furniture to his daughter Margaret Ann Holden, gave $100 to his son Oliver " if in the opinion of the trustees he is worthy of it," and $100 to each of three grandchildren, apparently children of Oliver. The will ended with this clause: " Fifth. I order and direct my trustee or trustees to sell and convey for the best price that can be obtained therefor my land and dwelling house situated on Washington Clark and More Streets at Cambridgeport and to make execute and deliver to the purchaser or purchasers thereof his or their heirs and assigns a good and sufficient deed or deeds thereof in fee simple, and the proceeds thereof to be

invested, and together with the residue or balance of my property after the above legaces are paid to be placed in the hands of trustee or trustees and the nett income thereof I give and bequeath to my daughter Margrett Ann Holden for her sole use and benifit during her natural life, to be paid to her semiannulary on her own personal receipt."

The plaintiff was appointed trustee under this fifth clause. Margaret Ann Holden has died and this bill is brought asking the instructions of the court as to the distribution of the corpus of the trust fund which was and always has been made up of personal property.

The testator's next of kin at the time of his decease were Margaret Ann Holden, his daughter, and Oliver S. Coolidge, his son. The son died after his father and before his sister. The administrator of the son claims that Margaret had a life estate in the trust property, that the testator died intestate so far as the remainder subject to Margaret's life estate is concerned, and that as administrator of the son's estate he is now entitled to one half of the trust fund. The special administrator of the estate of Margaret claims that she was given the whole beneficial interest in the trust property, and that as special administrator of her estate he is now entitled to the whole of it.

In support of his contention Buffum, the special administrator of the daughter's estate, points out that the intention of the testator is plain that the son should have $100 and no more out of his estate, that he did not intend to die intestate, and therefore it was the intention of the testator that the daughter should take the whole interest in the trust fund, and that the court will supply the missing words on the doctrine of *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370.

But a court is not at liberty to deal with a last will and testament in that way. It is its duty to construe the will which the testator has made, not to speculate on his intentions and make a will for him. For that reason missing words can be supplied only in interpreting the words used by the testator, that is, when the words used show by necessary implication what the missing words are. *Child* v. *Child*, 185 Mass. 376. To supply missing words where the words used do not show what they must necessarily have been is to step over the limit of the power of the

court which is to discover the intention which the testator has expressed by the words used by him.

The most that can be said in the case at bar is that from the terms of the bequest of the $100 to the son one would expect to find the whole trust estate given to some one else. But that expectation is not the fact. The whole trust estate was not given to some one other than the son. The fifth clause gave the daughter a life estate only in the trust fund. The remainder subject to that life estate was not disposed of. Inasmuch as this testator has not given the property to another, his son, by the statute of distributions, is entitled to one half of it.

Reluctant as a court is to come to the conclusion that a testator dies intestate as to part of his property, that conclusion is inevitable here; and the entry must be that the plaintiff pay over one half of the corpus of the estate to the defendant Buffum special administrator of the estate of Margaret Ann Holden, and one half to the defendant Ruggles administrator of the estate of Oliver S. Coolidge.

*So ordered.*