HARRIETTE M. FORBES, trustee, *vs.* AUGUSTA L. BRIGHAM & others.

Worcester.    January 14, 1919. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Devise and Legacy. Equity Jurisdiction,* Bill for instructions.

A testatrix by her will left the sum of $18,000 in trust for the following purposes: "To pay over one-third of the net income to each of my three neices; viz.: S P B, A L B and M E B, during their respective lives. In case of sickness or other unusual emergency, the said trustee may pay to or expend for any one of my said three neices out of the income or principal, if need be, a sum or sums not exceeding Two Hundred Dollars in any one year, as in the opinion and discretion of my Trustee the necessities of each may require." On the death of all the beneficiaries the trust was "to terminate and the principal of said trust fund remaining [was] to be divided" among certain persons named. One of the three nieces died, and upon a bill for instructions brought by the trustee it was *held* that the gift of the income was to each of the three nieces individually and not to them as a class, and accordingly that on the death of one of them the income of the entire fund did not go to the survivors, each of whom retained the right to one third of the income as before; that on such death of one of the nieces the third of the net income of the fund, which had been paid to her during her lifetime, became available for additional expense in providing for the survivors, and that in case of sickness or other unusual emergency a sum not exceeding $200 could be paid for each of the survivors from this other third of the income, or, if that should not be sufficient, from the principal of the fund; and that the whole of the principal remaining should be held by the trustee until the death of the last surviving beneficiary.

In a suit in equity by a trustee under a will for instructions, the trustee is entitled to be instructed only in regard to his present duties and has no right to be instructed in regard to his past administration of the trust.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 2, 1918, by the trustee under the will of Cornelia A. Taft, late of Worcester, for instructions as to her duties under the eighth article of that will, which is quoted and described in the opinion.

The case came on to be heard upon the pleadings and an agreed

statement of facts before *Rugg,* C. J., who at the request of all the parties reserved it for determination by the full court.

The case was submitted on briefs.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill,* for the defendants Augusta L. and Mary E. Brigham.

*L. M. Erskine,* for other defendants.

CARROLL, J. In the eighth clause of her will Cornelia A. Taft gave the sum of $18,000 in trust "to pay over one-third of the net income to each of my three neices, viz: Sarah Prentice Brigham, Augusta Louise Brigham and Mary Ellen Brigham, during their respective lives. In case of sickness or other unusual emergency," the trustee was authorized to expend for any one of the three nieces, "out of the income or principal, if need be," a sum or sums not in excess of $200 in any one year, "as in the opinion and discretion of my Trustee the necessities of each may require." On the death of all beneficiaries the trust was "to terminate and the principal of said trust fund remaining, to be divided" among certain persons named.

Sarah Prentice Brigham, one of the beneficiaries, died in 1911. Up to the time of her death, one third of the income of the trust fund was paid, less the inheritance tax, to each of the three beneficiaries, and no payments of principal were paid to them during her lifetime. But upon her death, "$100 of the principal was paid, and for the last three years $200 per annum has been paid out of the principal to said Augusta L. and Mary E. Brigham each." On the death of Sarah the trustee also transferred to the remaindermen one third of the fund less the inheritance tax claimed by the Commonwealth. The trustee asks to be instructed:

"First. Are each of the respondents, Augusta L. Brigham and Mary E. Brigham, entitled to receive one half or one third of the net income of said original trust fund?

"Second. In case the net income received and paid to each of said beneficiaries equals or exceeds $200 in any one year, is the trustee authorized to pay to each of them, in case the emergency stated in said clause arises, additional sums out of the principal up to $200?

"Third. Upon the death of said Sarah P. Brigham, were the five remaindermen entitled to receive one third of the principal of said trust fund, or is it the duty of the trustee to recover back

said one third part and to pay the income or principal thereof to said Augusta L. Brigham or Mary E. Brigham, in case said emergency arises, or otherwise?

"Fourth. Your petitioner prays for such further instruction as may be needed to enable her to discharge properly her duties as such trustee."

Augusta L. Brigham and Mary E. Brigham claim that upon the death of Sarah they were each entitled to receive one half of the net income and that all payments of principal should be taken from the one third improperly distributed, as they claim, and not from the remaining two thirds. The remaindermen claim that the beneficiaries have no beneficial interest in the one third of the trust fund distributed and that they are entitled to receive no more than one third of the net income of the fund, except under the emergency clause, where the amount is limited to $200 in any one year.

The Treasurer and Receiver General contends that on the death of each beneficiary, one third of the fund passed to the remaindermen, that each of the beneficiaries is entitled to one third of the net income of the fund during her life and no more, except that, if the net income of any one of the beneficiaries is less than $200 and the emergency set forth in said clause exists, the deficiency may be made up out of the principal.

First. The bequest of the income of the fund was to each of the three nieces by name. They were known to the testatrix and she had in mind the individuals who made up the class and not the class itself as the object of her bounty. She intended to give each one third of the net income of the fund established. They were not joint tenants of the income and on the death of Sarah the income of the entire fund did not go to the survivors, so that each received one half thereof. *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, and cases cited. See *Stanwood* v. *Stanwood,* 179 Mass. 223, 226. In this clause of the will, in the event of sickness or other unusual emergency each of the beneficiaries was to receive a portion of the income or principal if in the discretion of the trustee "the necessities of each may require." While the three nieces lived, the entire income was disposed of, it was payable to them during their respective lives, and upon the death of Sarah P. Brigham in case the emergency ex-

isted, one third of the net income from the fund, which had been paid to her during her lifetime, became available for this additional expense in providing for the survivors. The surviving beneficiaries, therefore, are each entitled to one third of the net income of the fund, as before the death of Sarah. The circumstance of her death neither enlarges nor diminishes the right of each to receive one third of the income. The language of the will is plain and one third is payable to each during her life. The case at bar is to be distinguished from *Loring* v. *Coolidge,* 99 Mass. 191, *Meserve* v. *Haak,* 191 Mass. 220, and similar cases.

Second. In addition to the one third of the net income each of the survivors in case of sickness or other unusual emergency was entitled to receive in each year a sum not exceeding $200 if, in the opinion and discretion of the trustee, the "necessities of each may require." This additional sum was to be paid from the income, but if this income was not sufficient the trustee could make the payment from the principal. By the final sentence in the eighth clause of the will the distribution of the principal is postponed until the death of all the beneficiaries, at which time the trust was to end "and the principal of said trust fund remaining, to be divided." In order to carry out the purposes of the trust and make the payments in case of emergency, either from the income or principal, the trustee was to hold the entire fund until the death of the last surviving beneficiary, and even if one third of the net income payable to each of the beneficiaries exceeds $200 in any year, if the emergency exists, the trustee can pay to each from the income, or if that is inadequate, from the principal, an amount not in excess of that amount if the trustee is of opinion that the necessity exists.

Third. The right of the plaintiff to be instructed is confined to her present duties and she cannot be instructed concerning her past administration of the trust. According to the record she has already paid over and distributed to the remaindermen one third of the fund. We cannot, under the well established rule in this proceeding instruct her further on the question of the right of the remaindermen to one third of the principal on the death of Sarah P. Brigham, nor can we instruct her on the question of her duty to recover back the fund paid to the remaindermen. See *Hill* v. *Moors,* 224 Mass. 163, and cases cited.

The trustee is to be instructed in accordance with this opinion. Costs, as between solicitor and client, to be in the discretion of a single justice.

*So ordered.*