NEWTON P. FRYE, executor, *vs.* HANNAH HOLT SAUNDERS & others.

Essex. January 15, 1924. — February 29, 1924.

Present: RUGG, C.J., DeCOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Devise and Legacy,* Whether intestacy or bequest by implication.

A testatrix by her will provided as follows: " I give and devise nothing whatever to my father's first wife's relations, and nothing to my mother's relations; and hope that my wish as here in expressed will be clearly understood." There was no residuary clause. The next of kin of the testatrix were descendants of half sisters who were children of her father by his first wife. Upon a petition by the executor for instructions as to the disposition of funds not expressly disposed of by the will, it was *held,* that

(1) *It would seem,* that the testatrix used the word " relations " in a somewhat colloquial sense, as referring to those who were related to her only through her father's first wife or through her mother, and not as referring to other descendants of her father;

(2) Whatever meaning be given to the clause in question, it did not contain an implied gift to remote and collateral relations who would be the next of kin if there were no descendants of the father of the testatrix;

(3) The residue should be distributed to the next of kin and not to descendants of a brother of the father of the testatrix, who were not next of kin.

PETITION, filed in the Probate Court for the county of Essex on May 10, 1923, by the executor of the will of Abbie

M. Smart for instructions as to the paragraph quoted in the opinion.

The petition was heard in the Probate Court by *Dow*, J., who ruled that the paragraph in question was " not sufficiently clear to support a gift by implication to the relatives of the testatrix exclusive of her next of kin and that the personal property in the hands of the petitioner must be treated as intestate estate and distributed in accordance with the statutes governing the distribution of an intestate estate." A final decree accordingly was entered. Descendants of Darius Holt, a brother of the father of the testatrix, appealed.

*J. F. Neal*, for the respondents, descendants of Darius Holt.

*R. B. Stone*, for the respondents, next of kin of Abbie M. Smart.

*T. Eaton*, for the respondent Albert W. Edmands.

DeCourcy, J. The will of Abbie M. Smart contains a number of specific bequests and money legacies, but no residuary clause. There is remaining in the hands of the executor approximately $70,000, and he brings this petition for instructions as to what persons are entitled to it. The occasion for the application is the presence in the will of the following paragraph: " I give and devise nothing whatever to my father's first wife's relations and nothing to my mother's relations; and hope that my wish as here in expressed will be clearly understood."

Amos Holt, the father of the testatrix, was twice married, his first wife being Pattie Wardwell, and his second wife Eunice Evans, who was the mother of the testatrix. Mrs. Smart died leaving no issue, and as her next of kin the descendants of her deceased half sisters, who were children of Amos Holt and his first wife. These descendants are fourteen in number, and all are grandnephews or grandnieces of the testatrix, except one, who is the only child of a previously deceased grandniece. They claim the residue as intestate property. The respondents who appealed are descendants of Darius Holt, a brother of Amos Holt. The other respondents, who have taken no appeal, are related

to the testatrix through her mother.  The decree of the Probate Court was that the clause of the will in question " is not sufficiently clear to support a gift by implication to the relatives of the testatrix exclusive of her next of kin and the personal property in the hands of the petitioner must be treated as intestate estate and distributed in accordance with the statutes governing the distribution of intestate estate."

As to the interpretation of the clause in controversy: It is to be noted that the testatrix does not speak of her " father's relations " or of her own.  If it were her purpose to exclude her own half brothers and sisters and their issue, as the appellants contend, presumably she would have said so.  It could scarcely be claimed that her own issue, if she left any, would be excluded merely because such issue would be her " mother's relations."  Or if she spoke of " my husband's relations," it could not successfully be contended that she meant to exclude her own children, although literally they would be her husband's relations.  In our opinion she used the word " relations " in a somewhat colloquial sense, as referring to those who were related to her only through her father's first wife or through her mother, and not as referring to the other descendants of her father.  She was dealing with collateral connections, not with direct kindred of the Holt blood.

But whatever meaning be given to the clause in question, it does not contain an implied gift to the remote and collateral relations who would be the next of kin if there were no descendants of Amos Holt.  As was said by Shaw, C.J., in *Nickerson* v. *Bowly*, 8 Met. 424, 431, " A gift by implication must be founded upon some expressions in the will, from which such intention can be inferred.  It cannot be inferred from an absolute silence on the subject."  We find no language in the controverted clause, or elsewhere in the will, to support an implied gift to the appellants.  *Child* v. *Child*, 185 Mass. 376.  *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242.  *Shea* v. *Maitland*, 237 Mass. 221, 225.  And, to adopt the language of Sheldon, J., in *Sanger* v. *Bourke*, 209 Mass. 481, 486, " Unless there is to be found in the will not only a

manifestation of the testator's intention that this fund should be disposed of by the will, but also a clear and certain designation of the persons to whom it is to be paid, it must go as undevised property to his heirs at law." See also *Cavan* v. *Woodbury*, 240 Mass. 125. The funds in the hands of the executor are " personal property of a deceased person not lawfully disposed of by will " within the express terms of our statute of distributions (G. L. c. 190, § 2); and must be distributed to the next of kin as intestate property, in accordance with the decree of the Probate Court.

Costs of the appeal as between solicitor and client, may be allowed out of the estate in the discretion of that court.

*Decree accordingly.*