Augustus P. Loring & others, trustees, *vs.* Gordon Dexter & others.

Suffolk.　December 7, 8, 1925. — June 2, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Whether intestacy.

A testator by his will constituted a trust and directed the trustees "To pay one-third of the net income in quarterly instalments as nearly equal as practicable to my sister . . . during her life, and from and after her decease to my nephew . . . and to his wife . . . share and share alike during their respective lives. . . . Upon the death of my nephew . . . , if his wife . . . shall not then be living, to . . . pay over one-third of the principal . . . to and among the persons who shall then be my heirs by blood except . . . [that neither the sister nor the

nephew nor his wife should be deemed an heir by blood]; if, however, his said wife . . . shall then be living, to . . . pay over to my then heirs by blood one-sixth of the principal . . . and the remaining one-sixth to . . . pay over to the said heirs upon the death of the said . . . [wife]; provided, however, that the distribution of principal herein provided shall not affect the life interest hereinbefore given to my sister . . . and shall be made only after her death." The nephew was a son of the sister and his wife was the daughter of a deceased brother of the testator. It was apparent from the will that it was drawn by a person familiar with the accurate use of legal terms. The nephew's wife died before the testator's sister. After the death of the sister, the trustee sought instructions as to what should be done with the income which was to be paid to the nephew's wife, there being no specific provision of the will dealing with the contingency which had arisen. *Held*, that

(1) The absence of the expressions which have often been held to give the rights of one who should die first to the survivor in the circumstances was significant;

(2) None of the express terms of the will nor its general scheme nor reasonable inferences from its terms justified a conclusion that the one-sixth part of the income which would have gone to the nephew's wife should be paid to him;

(3) The one-sixth part of the income in question should not be accumulated for the heirs by blood;

(4) In the circumstances, the one-sixth part of the income in question must be distributed to the next of kin of the testator as intestate property;

(5) In determining who should take such intestate property, the provision of the will excluding certain persons named from taking under it as heirs by blood should not be given effect;

(6) There being no provision in the will for the distribution of any part of the principal of one third of the trust fund until the nephew's death, the trustees were instructed to hold it until that event.

PETITION, filed in the Probate Court for the county of Suffolk on November 13, 1924, by trustees under the will of Edward Linzee Amory, late of Boston, for instructions.

Richard W. Hale, Esquire, was appointed guardian *ad litem* or next friend to act for or represent the interests of a minor and "persons now unborn or not ascertained who may be interested in said case."

The suit was heard by *Prest*, J.

It appeared that the next of kin of the testator at the time of his death in 1911 were: Susan Greene Dexter, a sister who since had died leaving a will; Susan C. Amory and Annie L. Dexter, children of a deceased brother of the testator, (Annie L. Dexter later died leaving a will of which

her husband, Gordon Dexter, was executor); Copley Amory, a son of a deceased brother of the testator.

The contentions of the several respondents as to what disposition should be made of one third of the income of the trust fund in the hands of the petitioner were as follows:

Gordon Dexter, individually, contended that during his life the entire one third of the income should be paid to him.

Gordon Dexter as surviving executor of the will of Annie Louisa Dexter claimed one half of the one third of the income, or in the alternative one twelfth thereof.

Susan C. Amory and Copley Amory made no specific claim.

Roland Gray as executor of the will of Susan Greene Dexter claimed one sixth of the income of said one third.

Children of Copley Amory and the guardian *ad litem* contended that the income which was payable to Annie Louisa Dexter during her life, if she should survive Susan Greene Dexter, became, after the death of Annie Louisa Dexter, part of the corpus of the trust fund which would pass upon the death of Gordon Dexter.

The judge found facts as stated in the opinion and reported the suit to this court for determination.

*S. Vaughan,* for the petitioners, stated the case.

*R. G. Dodge,* (*L. Foster* with him,) for Gordon Dexter.

*F. C. Gray,* for the executor under the will of Annie Louisa Dexter.

*A. H. Morse,* for the executor under the will of Susan Greene Dexter.

*R. W. Hale,* (*D. Burstein* with him,) for the guardian *ad litem* and others.

SANDERSON, J.    This is a petition for the construction of the will of Edward Linzee Amory, brought by trustees under his will.

He died November 19, 1911, without issue and unmarried, leaving a will dated November 3, 1908, and a codicil dated October 18, 1911, which were duly proved and allowed. The testator, after making disposition of a part of his estate, gave the residue to trustees, and in the third paragraph dealing with this trust directed the trustees: "To pay one-third of the net income in quarterly instalments as nearly equal as

practical to my sister Susan Greene Dexter during her life, and from and after her decease to my nephew Gordon Dexter and to his wife, Annie Louisa Dexter share and share alike during their respective lives."

Susan Greene Dexter survived the testator and died September 16, 1924, and the executor of her will has been made a party to these proceedings.    Her son, Gordon Dexter, survived her, but his wife, Annie Louisa Dexter, a niece by blood of the testator, died September 29, 1916.    The respondent Gordon Dexter is surviving executor of her will. The next of kin of the testator were his sister Susan Greene Dexter, his nieces Susan C. Amory and Annie Louisa Dexter, daughters of a deceased brother, and Copley Amory, son of another deceased brother.

The trustees ask to be instructed whether they should distribute all or any of one third of the principal of the trust fund and, if so, to whom and in what proportions; and, in case they are to continue to hold it all, to whom and in what proportions the income therefrom should be paid.

The sixth paragraph of the residuary section provides that "Upon the death of my nephew Gordon Dexter, if his wife Annie Louisa Dexter shall not then be living, to transfer, convey, and pay over one-third of the principal of said residuary trust fund to and among the persons who shall then be my heirs by blood except as provided in paragraph 8 hereof; if, however, his said wife Annie Louisa Dexter shall then be living to transfer, convey and pay over to my then heirs by blood one-sixth of the principal of said residuary trust fund and the remaining one-sixth to transfer, convey, and pay over to the said heirs upon the death of the said Annie Louisa Dexter; provided, however, that the distribution of principal herein provided shall not affect the life interest hereinbefore given to my sister, Susan Greene Dexter, and shall be made only after her death."

In the eighth paragraph of the part of the will dealing with residue the testator provided that "for the purposes of this will neither my sister Susan Greene Dexter nor my nephew Gordon Dexter nor my niece Annie Louisa Dexter is to be deemed an heir of mine by blood."

The general plan of the testator in creating the trust seems to have been to divide the net income into three parts; directing the trustees to pay one of them to his sister for life and at her death to her son and his wife "share and share alike during their respective lives"; one part to one of the two daughters of his deceased brother for life; and one part to the son of another deceased brother for life. When these objects had been accomplished the principal was to be divided, and the part that had produced the income for his sister and her son and her son's wife was to go at the times and in the manner therein provided to the testator's heirs by blood; the share which had been producing the income for the daughter of his deceased brother was to go, upon her death, to her issue if she left issue; otherwise to the testator's heirs by blood; and the part which had been producing the income for the son of his deceased brother was to go at his death to his issue if he left issue, otherwise to the testator's heirs by blood, excluding in each instance from those who should take as heirs the testator's sister, her son and his wife. The parties who were ultimately to take were to be determined as to one third at the death of Susan C. Amory, as to one third at the death of Copley Amory, and as to the remaining third at the death of Gordon Dexter if he survived his wife, but in the event of his wife's surviving him the distribution of one half of this third was to be postponed until her death.

No specific provision was made for the payment during the life of Gordon Dexter of the part of the income which his wife would have received if living. The four contentions concerning this income are (1) That it should be paid to the personal representative of Annie Louisa Dexter; (2) That it is to accumulate for those who may be entitled to the principal upon the death of Gordon Dexter; (3) That it should be paid to Gordon Dexter; and (4) That it is intestate property.

The contention that it is to be paid to the personal representative of Annie Louisa Dexter is inconsistent with the expressed terms of the will limiting the gift of income to her for life, and cannot prevail.

It is apparent from the will that it was drawn by a person familiar with the accurate use of legal terms, and it is of some

significance that there is an absence of the expressions which have often been held to give the rights of the one who should die first to the survivor. The words used in paragraph 3 taken by themselves are apt words to create rights in severalty and to exclude the acquiring of additional rights by survivorship. *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, 270. The words of the sixth paragraph are not such as are commonly found where it has been held that there is an implication of a life estate in the survivor. *Clarke* v. *Rathbone,* 221 Mass. 574, 578. *Monks* v. *Bradford,* 248 Mass. 296.

So far as the expressed terms of the will are concerned, Gordon Dexter and his wife (who were nephew and niece of the testator) were treated alike. They were to share equally the net income of one third of the trust estate for life and each was excluded from taking any part of the principal as heir by blood. The will does not disclose an intention to prefer one to the other. The obvious meaning of sharing this net income alike is that each is to receive one half of it or one sixth of the net income of the whole trust fund, and Gordon Dexter's interest must be confined to that fractional part unless it appears from the will that the testator intended to give him more. There is no gift by implication unless a "reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words." *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 374. *Crocker* v. *Crocker,* 230 Mass. 478, 480. The "intent so to be carried into effect must be one which appears from the terms of the instrument and not one founded on a construction based merely upon silence, conjecture or the relationship of the parties." *Bailey* v. *Bailey,* 236 Mass. 244, 247. *Frye* v. *Saunders,* 248 Mass. 285.

The expression "share and share alike during their respective lives," although indicating that the parties named take severally and not as a class, would not prevent an increase in the amount to be taken by Gordon Dexter as the survivor if it appeared from the other terms of the will that the testator so intended. *Smith* v. *Haynes,* 202 Mass. 531.

*Wheaton* v. *Batcheller*, 211 Mass. 223. *Purdy* v. *Hayt*, 92 N. Y. 446.

If it had been his purpose to create cross remainders or rights of survivorship in the income when by the express provisions of the will one of the life tenants is excluded from all possibility of sharing in such remainder or rights of survivorship, it is probable that in some form of words he would have made clear that purpose. The exclusion of rights of survivorship in Annie Louisa Dexter tends to show that he did not intend that Gordon Dexter should acquire additional rights by reason of his survivorship. *Loring* v. *Coolidge*, 99 Mass. 191. *Forbes* v. *Brigham*, 232 Mass. 177.

We cannot hold that Gordon Dexter is to have the income of the whole from the time of his wife's death until his own death, without supplying words which are not in the will. The testator's purpose in leaving this portion of the trust fund intact until the death of Gordon Dexter if he survived his wife does not clearly appear. It may have been simply to fix the date of his death as the time when the heirs by blood to whom this part of the fund was to go should be ascertained. Gordon Dexter had been expressly excluded from taking as an heir by blood. It seems that the date of his death was the event which had been fixed for ascertaining the heirs by blood to receive one sixth in case of Annie Louisa Dexter's survivorship, and the heirs by blood as then determined seem to have been designated as the takers of the one sixth of this fund to be distributed upon the death of Annie Louisa Dexter. None of the express terms of the will nor its general scheme nor the reasonable inferences from its terms justify the conclusion that the one sixth part of the income which would have gone to Annie Louisa Dexter if alive should be paid to Gordon Dexter.

There is no provision in the will for the accumulation of income during the life of Gordon Dexter for the benefit of those who take at his death and there is nothing to indicate that the testator intended that income should be so accumulated. Such a purpose is not manifested either by the general scheme of the will or by its express provisions. In all

the clauses for the distribution of principal at the termination of the trust, the testator provided for the distribution of a part of the principal of the trust fund. In paragraph 6 he refers to these payments as a "distribution of principal." In none of the paragraphs does he refer to them as payments of residue.

It is not reasonable to suppose that the testator intended, that in case Annie Louisa Dexter survived her husband one sixth of the principal should be distributed to and among the testator's heirs by blood, but that if she died first there should be an accumulation of one sixth of the income until Gordon Dexter's death, for the benefit of the same heirs by blood. If his purpose in continuing the whole third in the trust if Gordon Dexter survived was to benefit the ultimate takers, he would naturally have said so; and unless the idea that heirs by blood should not be ascertained until the death of Gordon Dexter was controlling with him, he might then have provided for a distribution of one sixth of the principal of the fund as he had provided in the event of Annie Louisa Dexter surviving her husband.

The will cannot be construed to mean that income should be accumulated for the heirs by blood. *Meserve* v. *Haak*, 191 Mass. 220, 222. *Anderson* v. *Bean*, 220 Mass. 360, 361. "Unless there is to be found in the will not only a manifestation of the testator's intention that this fund should be disposed of by the will, but also a clear and certain designation of the persons to whom it is to be paid, it must go as undevised property to his heirs at law." *Sanger* v. *Bourke*, 209 Mass. 481, 486. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 122. In the event that has happened the testator has made no disposition of the income of one sixth of the trust fund, and it must therefore be distributed to next of kin as intestate property. The provision of the will excluding certain persons named from taking under it as heirs by blood cannot be given effect in determining the persons who take this intestate property. *Nickerson* v. *Bowly*, 8 Met. 424, 432. *Frye* v. *Saunders*, 248 Mass. 285, 288.

There is no provision in the will for the distribution of any part of the principal of the one third of the trust fund referred to in paragraph 6 until the death of Gordon Dexter, and the trustees are to continue to hold said third until that event.

The part of the income of the trust fund which was set apart for the benefit of Susan Greene Dexter, Gordon Dexter and Annie Louisa Dexter is to be paid during the life of Gordon Dexter in the following manner: one half to Gordon Dexter; one sixth to the executor of the will of Susan Greene Dexter; one twelfth to the surviving executor of the will of Annie Louisa Dexter; one twelfth to Susan C. Amory; and one sixth to Copley Amory. Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*