OLD COLONY TRUST COMPANY, trustee, *vs.* MARY E. JOHNSON & others.

Middlesex.    May 4, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Devise and Legacy,* Intestacy, Heirs at law, Residue. *Descent and Distribution. Executor and Administrator,* Distribution.

Provisions of a will, following dispositions of parts of the residue and giving "all that remains of my estate" in trust to pay the income in a certain manner to the daughters of the testatrix's sister, of whom there were five, two of them married, at the time the will was made, and upon the death of the "last survivor" of the daughters to divide the principal

among their "living children," made no disposition of the principal in the event that each of the daughters should die without issue, which ultimately occurred, and upon the death of the survivor of them the principal should be distributed as intestate property of the testatrix.

A distribution of the principal of a testamentary trust of residuary personalty as intestate property of the testatrix because of lack of provision in the will for its ultimate disposition in the event which occurred must be to distributees determined as of the time of her death rather than as of the time of the death of the surviving life beneficiary of the trust, which was the time fixed for distribution, although the testatrix's husband, who would have been solely entitled to all her intestate personalty at the time of her death, had been given a life interest in the residue and had died after her leaving a will benefiting strangers to her blood.

In circumstances shown upon a petition by a trustee for instructions, a distribution of the principal of a testamentary trust of personalty as intestate property of the testatrix almost sixty years after her death and forty-five years after the death of her husband, who would have been entitled to all her intestate personalty at the time of her death, should be made to a representative in this Commonwealth of the estate of a nonresident grandnephew of the husband who had been the ultimate beneficiary under the husband's will and who had died intestate eleven years before the distribution of the trust fund, leaving a widow and minor children entitled to his property.

PETITION, filed in the Probate Court for the county of Middlesex on May 22, 1942, by the trustee under the will of Maria J. Birchard, seeking instructions as to the distribution of the principal of the trust established under the fifth clause of the will and the principal of the trust "established for Hattie S. B. Denison" under the fourth clause of the will.

The case was heard by *Poland*, J.

*H. L. Burnham*, stated the case.

*F. E. Allison*, for the respondents Mary E. Johnson and others.

*G. H. Lucey*, (*J. H. Amsbury* with him,) for the respondents Kate M. Simonds Johnson and others.

DOLAN, J.    This is an appeal from a decree entered upon the petition of the trustee under the will of Maria J. Birchard (hereinafter referred to as the testatrix) seeking instructions as to the proper distribution of the trust fund held by it under the will of the testatrix.

The testatrix died on October 12, 1884. Her estate con-

sisted solely of personal property. She was survived by her husband, Edwin A. Birchard. Under the statutes then in force he would have been entitled to the entire personal estate had the testatrix died without lawfully disposing of it by will. Pub. Sts. c. 135, § 3. The testatrix was also survived by Columbia A. Bishop, a sister, and John J. and William C. Simonds, brothers, by five nieces, the daughters of Columbia A. Bishop, namely, Caroline L. Bishop, Fannie S. Bishop, Anne M. Bishop Tower, Mariaetta J. Thompson, and Harriet ("Hattie") S. B. Denison, and by a niece Kate M. (Simonds) Johnson, the daughter of her brother William.

The third, fourth and fifth clauses of the will of the testatrix provided as follows:

"Third — All the residue of my estate real personal and mixed whether in possession *revision* or remainder including any share of property now *undevided* that may hereafter come to me during my lifetime and including all after acquired property I give to my beloved husband Edwin A. Birchard in trust during his life for the following purposes. He shall distribute according to a written memorandum to be drawn up by me or *acording* to my verbal directions if I leave no written memorandum all *jewellry* watches diamonds Books and pictures *referd* to in such memorandum or verbal directions. He shall pay to each *unmarid* daughter of my sister Columbia A Bishop the sum of twenty five dollars *semi-anually* so long as said daughter *remain* single. The *residu* of the income of said estate he shall use during his life for his own benefit or in such way as he shall judge best. It being my intention that my said husband Edwin A. Birchard shall use the whole of the *incom* of the whole of my property during his life for his own benefit subject only to the above semi *anual* payments and to the *legacys* and directions *containd* above under the first third and second headings.

"Fourth Said Edwin A. Birchard by his will or some other *instrunt* in writing appoint a trustee or trustees to *sucsede* him in this trust, upon his death and said trustee or trustees so appointed shall upon the death of the said Edwin A. Birchard hold the whole of my estate real personal and mixed in trust for paying the following sums as I shall *herin* direct.

The *incom* of one thousand dollars to be paid to Maria R. Simonds my *neice semianually* during her life, the *incom* of one thousand *dollers* to be paid to M. Louise Meigs my *neice semianually* during her life, the *incom* of two thousand dollars to be paid to Grace M. Simonds my *neice semianually*, the *incom* of two thousand dollars to be paid to Kate M Simonds my *neice semianually*. In case of the death at any time after my *descease* of any of the above *mentiond* nieces (*vis* Maria R Simonds M. Louise Meigs Grace M. Simonds or Kate M M Simonds) without heirs of her body living at the time of her death the principal and accumulation (if any *their*) herein set aside for the benefit of such *neice* shall be *devided* among her surviving brothers and sisters share and share alike provided she leave surviving *Broths* or sisters, in case of the death of any of said *neices* leaving heirs of her body living at the time of her death the *principle* and accumulation above *referd* to are to be *devided* among such heirs of her body share and share alike. The *incom* of one thousand dollars to accumulate and to be added to the principal *evry* year till my nephew Edwin A. B. Bishop arrives at the age of twenty years after which the *incom* of the whole shall be paid to him *semianually untill* he shall arrive at the age of thirty years the accumulation to be held in trust the same as *the same as* the principal at the age of thirty the principal and accumulation shall be paid to him, in case of the death of said nephew Edwin A. B. Bishop without heirs of his body living at the time of his death the principal and accumulation herein set aside for the benefit of said nephew are to be divided in equal shares among his surviving sisters. The *incom* of two thousand dollars to be paid *semianually* to each of the daughters of my sister Columbia A. Bishop (viz to Caroline L. Bishop Fannie S Bishop, Annie M. Bishop, *Mariaetta* J. Thompson, Harriet S Denison during their respective lives, in case of the death at any time after my decease of any of the said *dughters* of Columbia A. Bishop without heirs of her body living at the time of her death the principal set aside for the benefit of said daughters shall be *devided* among her surviving sisters share and share alike, in case of the *the* death of any of the said children of said

Columbia leaving heirs of his or her body living at the time of his or her death the principal and accumulation (if any *thir* be) set aside for the benefit of such child shall be paid to said heirs of his or her body share and share alike  If my Brother William C. Simonds survive my husband Edwin A. Birchard the *incom* of three thousand dollars shall be paid to him *semianually* during his life at his death the principal set aside for this *incon* shall go into the residue of my estate

"Fifth — All that remains of my estate after making suitable provisions for the above bequests shall be held in trust for the following purposes by the Trustee or trustees *aforsaid*  If at the death of my husband Edwin A. Birchard only one of the *daughter* of my sister Columbia A Bishop remain *unmaried* one half of the *incom* of said residue of my estate shall be paid to her *semianually* so long as she remains single, the other half of said *incom* to be divided *semianually* among the *maried* daughters of said Columbia A Bishop share & share alike.  If at the death of my said Husband more than one of the said daughters of said Columbia remain *unmaried* the whole of the *incom* of said residue shall be divided *semianually* among said unmarried daughters share and share alike so long as they remain unmarried at the marriage of each of said unmarried *dughter* of said Columbia said *daughter* share of said income shall be divided equally among the living married *daughtes* of said Columbia said *daughtes receving* after marriage an equal share of said *incom* but no more.  If at the death of my said Husband *their remain* no unmarried daughter of my sister Columbia the whole of the *incom* of said residue shall be divided *semianually* among the living *daughtes* of said Columbia  In the event of the death of any of the *daughtes* of my said sister Columbia without heirs of her body living at the time of her death her share of the *incom* of said residue shall be equally divided among her surviving sisters in the event of the death of any of the *daughtes* of said Columbia leaving heirs of her body living at the time of her death her share of the *incom* of said residue shall be equally divided among said heirs of her body *untill* the death of the last survivor of the now liv-

ing *daughtes* of said Columbia   At the death of the last survivor of the now living *daughtes* of said Columbia this residue both principal and any accumulation *thir* may be shall be divided among all the living children of said now living *daughtes* of said Columbia share and share alike.   It being my intention that none of the *principle* or accumulation or *incom referd* to in section four and five be paid out *untill* after the death of my said Husband."

The husband of the testatrix died testate on June 21, 1898.   Under his will he bequeathed the residue of his estate in trust to pay the net income to his niece Vesta B. Birchard until she should have attained the age of thirty years, providing that should she die before attaining that age the trust estate should be transferred and conveyed "to her children then living, if any, and their respective heirs, and to the issue of any deceased child by right of representation. . . ."   Further provisions in the event that Vesta left no child or issue of a deceased child need not be recited since Vesta died before attaining the age of thirty years leaving one child, "Edward Ridderbusch, Jr.," to whom the residuary estate of the husband of the testatrix, to the extent that it was ascertained upon the death of Vesta, was paid over. Edward Ridderbusch, Jr. died intestate on November 11, 1932, a resident of the State of Oregon.   He was survived by his widow, Mary E. Johnson, and two minor children, Robert and Edward, all of whom are respondents.   Under the laws of the State of Oregon the widow of Edward became entitled to one half of his estate and the children to the other half in equal shares.   They are strangers to the blood of the testatrix.

Among other respondents are Kate M. (Simonds) Johnson, a niece of the testatrix (daughter of her brother William) and Edward R. Simonds and Marie Simonds Staples, grandnephew and grandniece, respectively, of the testatrix (children of the son of her brother John) and Fred A. Tower, executor of the will of "Hattie" (Harriet) S. B. Denison, deceased, the last survivor of the daughters of Columbia A. Bishop, the sister of the deceased.   Harriet died without issue on August 21, 1941, and the trusts thereupon termi-

nated, since the other daughters of Columbia had predeceased Harriet without issue.

The issue presented in the circumstances is whether the testatrix died intestate as to the ultimate disposition of the $2,000 trust fund in question established under the fourth clause of the will and the residuary trust established by the fifth clause of the will, and, if so, whether the heirs of the testatrix are to be determined as of the date of her death, or as of the date of the death of the last survivor of the daughters of her sister Columbia.

The judge entered a decree directing that the trust funds in question be distributed "to such representative of the estate of . . . Edward Ridderbusch, Junior, as may be authorized to receive said funds in this Commonwealth." The respondent niece, grandnephew and grandniece, and the executor of the will of Harriet S. B. Denison appealed from this decree.

The appellants argue with relation to the trust of the residue created by the fifth clause of the will that it is manifest, from a reading of the will as a whole, that the testatrix intended to benefit her own next of kin rather than strangers to her blood claiming through her husband, and that her heirs were to be determined as of the date of the death of the last survivor of the daughters of Columbia, and that a gift to them by implication is to be read into the will. In behalf of the executor of the will of "Hattie" (Harriet) it is argued, with relation to the trust created by the fourth clause of the will, that, the trust having been fully executed, "the legal title followed the equitable title," and the fund, therefore, became part of the assets of the estate of "Harriet," and is payable to the representative of her estate. We do not sustain these contentions.

It is plain that the testatrix made no disposition of the residuary trust fund involved upon the contingency that has occurred. We discover nothing in the will read as a whole, in the light of the circumstances attendant upon and known to the testatrix at the time of its execution (see *Ware* v. *Minot*, 202 Mass. 512), from which to conclude that, in the exact situation that has arisen, the testatrix

intended that the trust estate should be paid over to her heirs at law determined as of the date of the death of the last survivor of the daughters of her sister Columbia. On the contrary, the only provisions of the will as to the disposition of the trust estate as of that time are precise and clear, to the effect that it should then be divided among the living children of said daughters, share and share alike. We cannot speculate as to what the testatrix might have done had the situation that has occurred been in her mind when making the will. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 122. *Crocker* v. *Crocker,* 230 Mass. 478, 480. *Loring* v. *Dexter,* 256 Mass. 273, 278. *Nickerson* v. *Harding,* 267 Mass. 203, 206. A reading of the will as a whole indicates that the testatrix did not anticipate that the present situation would in fact come to pass. Her sister Columbia had five daughters when the testatrix executed the will. Two of them had married. It is reasonable to suppose that the testatrix did not in those circumstances envisage that her sister Columbia's line would become extinct in a single generation. Doubtless the testatrix thought that she was fully disposing of her entire estate, but the inescapable fact is that, as events have transpired, she did not succeed in so doing.

The present case is distinguishable from *Sanger* v. *Bourke,* 209 Mass. 481, largely relied on by the appellants. In the *Sanger* case, a sum of money was left in trust to pay the income to the testator's named children, during their lives, providing that, should any child die without issue, his share of the income should be divided among the survivors, but that if any child died leaving issue the capital, of which such child had enjoyed the income, should be paid to his issue. The last survivor of the testator's children died without issue. As distinguished from the present case, however, there were then living issue of other deceased children, and, although not formally expressed in the will, it was held that there was manifest by implication an intention on the part of the testator to benefit an entire class consisting of the issue of his deceased children by leaving to them ultimately the estate placed in trust for his children. See also *Metcalf*

v. *First Parish in Framingham,* 128 Mass. 370; *Hood* v. *Boardman,* 148 Mass. 330; *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95; *Fitts* v. *Powell,* 307 Mass. 449. In the present case each of the daughters of Columbia died without issue, and there is no one to answer that description, and the will is silent in that event.

We do not concur in the contention of the appellants that the heirs at law of the testatrix to be determined as of the date of the death of Harriet are entitled to distribution of the trust funds in question. Such cases as *Fargo* v. *Miller,* 150 Mass. 225, *Wood* v. *Bullard,* 151 Mass. 324, *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, *Carr* v. *New England Anti-Vivisection Society,* 234 Mass. 217, and *Boston Safe Deposit & Trust Co.* v. *Waite,* 278 Mass. 244, relied upon by the appellants, concern wills where the testator made an ultimate gift in express terms to his heirs at law or next of kin, and where the circumstances disclosed were such that the court was satisfied from reading the wills and ascertaining the testamentary scheme, that the testator intended that his heirs at law should be determined as though he had died at the time fixed for final distribution. These cases rest upon their special facts, and, indeed, in all of them the rule is recognized that a person's heirs at law are to be ascertained as of the date of his death unless a contrary intent is plainly shown by his will. See *Gilman* v. *Congregational Home Missionary Society,* 276 Mass. 580, 582, 585; *Tyler* v. *City Bank Farmers Trust Co., ante,* 528, 530. In the instant case it seems plain that the event of intestacy, which has occurred, was unconsidered by the testatrix. The will discloses no intention on the part of the testatrix in that event with respect to the time as of which her heirs should be ascertained, and it is settled that, where a residuary gift lapses as in the circumstances of the present case, it passes to those who were the heirs of the testatrix under the statute of distribution in force at her death. *Dresel* v. *King,* 198 Mass. 546, 548.

This general rule applies even though the husband of the testatrix was given a life interest in the trust fund of the residue, in the absence, as here, of anything in the will

to evidence clearly an intention to exclude him from any further interest in the estate of the testatrix. *Nickerson* v. *Bowly,* 8 Met. 424, 431, 432. *Johnson* v. *Goss,* 132 Mass. 274. *Boston Safe Deposit & Trust Co.* v. *Buffum,* 186 Mass. 242. *Frye* v. *Saunders,* 248 Mass. 285. *Loring* v. *Dexter,* 256 Mass. 273. *Boynton* v. *Boynton,* 266 Mass. 454. *Gilman* v. *Congregational Home Missionary Society,* 276 Mass. 580. *Thompson* v. *Bray,* 313 Mass. 717, 720. *Tyler* v. *City Bank Farmers Trust Co., ante,* 528, 531–532, and cases cited.

The $2,000 trust fund in question created by the fourth clause of the will having lapsed fell into the residue of the estate, *Casey* v. *Genter,* 276 Mass. 165, 170, and cases cited, and passes as intestate property, *Williams* v. *Punchard,* 217 Mass. 237, 239, strictly speaking, to the representative of the estate of the husband of the testatrix. Since, however, the testatrix's husband died over forty-five years ago, we see no good reason why the trust funds should not be paid over as directed by the decree entered in the court below to a representative, authorized to receive them in this Commonwealth, of the estate of his grandnephew, the only child of the husband's niece Vesta, taking through the gift of the residue contained in the will of the husband of the testatrix. The decree entered in the Probate Court is affirmed. Costs and expenses of this appeal may be allowed to the respondents or their counsel in the discretion of that court.

*Ordered accordingly.*