PETER B. SEAMANS, trustee, *vs.* BENJAMIN K. PHIPPS
& others.

Suffolk.    January 4, 1961. — February 6, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Devise and Legacy,* What estate, Remainder.

A will showed an intent throughout to treat three grandsons of the testa-
tor alike except for safeguards against improvidence of one of them;
and, under provisions in the will that upon the death of the life bene-
ficiary of a trust the trust fund should be divided into three equal
shares and one share should be held on a spendthrift trust to pay the
income to that grandson and the principal to him at a specified age if
in the trustees' judgment it "should be wise and expedient," with no
provision for the disposition of his share at his death, and the other
two shares should be paid to the other two grandsons respectively, the
first grandson took the entire beneficial interest in his share subject
only to such safeguards, and upon his death some years after the termi-
nation of the life interest in the original trust his share, then still held
in trust, must be paid to his estate.

PETITION for instructions, filed in the Probate Court for
the county of Suffolk on October 16, 1959.

The case was heard by *Mahoney, J.*

*Peter B. Seamans,* stated the case.

*John Henderson Linsley,* for Benjamin K. Phipps and
another.

*Charles F. Barrett,* for W. B. West, executor.

WHITTEMORE, J.    The will of Benjamin Phipps in article
Seventh left a fund in trust to pay the income to his daugh-
ter-in-law for her life, and on her death to pay the fund in
three equal shares to or for the benefit of his three grand-
sons (sons of the life beneficiary), that is, one share to the
trustees under a spendthrift trust to pay the income to
grandson Maurice and also to pay the principal to Maurice
at age thirty if in their uncontrolled judgment such "should
be wise and expedient," and the two other shares to grand-

sons Benjamin and Alfred.   There was no express provision for the disposition of Maurice's share held in trust at his death.   Maurice died in 1959, without issue, and a successor trustee sought instructions in respect of the fund held in trust since the death of his mother in 1951.

The judge in the Probate Court instructed that the executor under Maurice's will is entitled to the fund and the accrued income.   This appeal is by two children of grandson Benjamin, the only surviving issue of the testator.

The instruction was right.   The will shows an intent to give Maurice the entire beneficial interest subject only to safeguards against Maurice's improvidence.   *Chauncey* v. *Francis,* 181 Mass. 513.   *Goodwin* v. *New England Trust Co.* 321 Mass. 502.   See, for the rule of construction, *Anderson* v. *Bean,* 272 Mass. 432, 438; *Loring* v. *Clapp,* 337 Mass. 53, 60.   Compare, for cases where intention was conjectural, *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65; *Bailey* v. *Bailey,* 236 Mass. 244; *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 709–710.

Except for provisions against improvidence of Maurice, each of the three grandsons was treated equally in article Seventh and throughout the will.   In addition to the gifts in article Seventh, there were gifts to the grandsons in articles Eighth and Eleventh.   Article Eighth left a fund to the trustees for the equal benefit of the three grandsons as income beneficiaries with equal principal payments to be made as follows: One third each to Benjamin and to Alfred upon his attaining the age of twenty-four years, and one third to Maurice upon or after his attaining the age of thirty years if and when in their uncontrolled judgment it should be wise and expedient.   The provisions for remainders under article Eighth also treated the grandsons equally: to the issue of a deceased grandson, or, if no issue, to surviving grandsons "at the time they would be entitled to their share of the principal fund as hereinbefore . . . provided," and a final remainder to the heirs at law of the last surviving grandson.   Article Eleventh disposed of the income of a fund left at interest for a period in a partner-

ship.   Benjamin and Alfred were each to receive $400 a year; the same yearly sum for Maurice was to be paid to the trustees to be held for his benefit upon the relevant trusts set out in article Eighth.

The intent to provide equally is emphasized by the provision in article Seventh that, if at the life beneficiary's death any of Maurice, Benjamin or Alfred should be deceased, the lawful issue of the deceased grandson should "take the same share that its parent would have taken or would have been beneficially entitled to if living," or, if there should be no issue of a deceased grandson, his share "shall be given to the surviving grandsons."   The statement that Maurice's share was one to which he would be "beneficially entitled . . . if living" shows an intention to make a full beneficial gift.

The general residuary clause is consistent with an intention that there be no interest under article Seventh to which that clause would apply.   It provides, "If my son, Horace J. Phipps [uncle of the grandsons], shall survive me, or shall leave issue surviving at the time of my decease, then I give, devise, and bequeath unto the said Horace, if surviving me, otherwise to his issue, all the rest, residue, and remainder of my property, — real, personal, or mixed; and in case said Horace shall die before me leaving no issue surviving, then I give, devise, and bequeath unto the trustees named in the Eighth Article of my will the entire rest, residue, and remainder, to be held by them upon the same trusts and for the same uses therein set forth."

The decree is affirmed, with costs of this appeal to be awarded in the discretion of the probate judge.

*So ordered.*