HARVEY KIRKLAND *vs.* CAROLINE J. NARRAMORE, administratrix, & another.

In a will, after making bequests to certain legatees, the testator continued: "I appoint J. S. trustee, to take and keep the above legacies, the income of which he shall appropriate to their comfort so long as they live. After their decease, what remains I bequeath to the above trustee." *Held*, that the gift of the remainder to J. S. was conditional on his accepting the trust, and did not vest if he died, after probate of the will, without doing any act to accept the trust, although before the executor had settled the estate.

CHAPMAN, C. J. The will of Abigail W. Carpenter contains bequests to her brothers and sisters. Then follows this clause: "I hereby appoint Franklin Narramore, of Goshen, as trustee, to take and keep the above legacies, the income of which he shall appropriate to their comfort so long as they live. After their decease, what remains I bequeath to the above trustee." This was followed by other bequests; the Massachusetts Home Missionary Society was made residuary legatee; and Simon Burnett was appointed executor. The testator died; the executor proved the will and settled the estate; all the legatees survived the tes-

tator; but before the estate was settled Narramore died, not having given bond as trustee, nor assumed the duties of the office, and no letters of trust had been issued or applied for under the will. The plaintiff was appointed trustee after this, and has acted as such during the lives of the brothers and sisters; they have all died; the administratrix of Narramore now claims the legacy to him; the residuary legatees deny her right, and claim it as part of the residue; and the trustee files this bill in equity for instructions as to the disposition of it.

The authorities cited fully sustain the position taken by the residuary legatees, that, when bequests are made to individuals in the character of trustees or executors, and not as marks of personal regard only, the legacies are held to be given on an implied condition, namely, that the persons named clothe themselves with the character in respect of which the benefits were intended for them.

It is also an established rule that bequests to individuals who are executors are considered *primâ facie* to be given to them in that character; a presumption to be repelled by the nature of the legacies, or other circumstances arising in the will. Roper on Legacies, 780. *Slaney* v. *Watney*, Law Rep. 2 Eq. 418. It is so, even if the persons are described in the legacy as " my good friends; " *Read* v. *Devaynes*, 3 Bro. Ch. 95; or if the legacy is given in the will among other legacies; *Calvert* v. *Sebbon*, 4 Beav. 222; or if it is given in a codicil naming the person as an individual, and not naming his office. *Stackpoole* v. *Howell*, 13 Ves. 417.

Applying this presumption to this case, it is clear that the legacy was given to Narramore in his character of trustee, and on the implied condition that he would accept the trust. It is apparent from the terms of the legacy, that it was given to him as trustee; and there is nothing in the nature of the legacy or the circumstances of the case to rebut this presumption. Narramore must have done something under his appointment, in order to comply with the condition and entitle himself to the legacy. *Lewis* v. *Matthews*, Law Rep. 8 Eq. 277. But he died without doing anything, not making even an attempt to become trustee.

Consequently his administratrix is not entitled to the legacy. The authorities cited in behalf of the residuary legatees establish their right to it as part of the residue.

In *Barrus* v. *Kirkland*, 8 Gray, 512, the questions here discussed did not arise. The only point determined was, that the first legatees were entitled to the income only.

*Decree for the residuary legatees.*

*C. Delano*, for Narramore's administratrix, cited *Barrus* v. *Kirkland*, 8 Gray, 512.

*C. E. Hubbard*, for the residuary legatees, besides authorities named in the opinion, cited Roper on Legacies, 777, 1673; *Dix* v. *Reed*, 1 Sim. & Stu. 237; *Piggott* v. *Green*, 6 Sim. 72; *Bil lingslea* v. *Moore*, 14 Georgia, 370; Gen. Sts. c. 100, §§ 1, 4; *Hall* v. *Cushing*, 9 Pick. 395, 408; *Newcomb* v. *Williams*, 9 Met. 525, 533–535; *Dixon* v. *Homer*, 2 Met. 420, 422; *Brydges* v. *Wotton*, 1 Ves. & B. 134; *Morris* v. *Kent*, 2 Edw. Ch. 175; Hill on Trustees, (4th Am. ed.) 535; Lewin on Trusts, (5th ed.) 162; *In re Hawkin's trusts*, 33 Beav. 570; *Hanbury* v. *Spooner*, 5 Beav. 630; *Griffiths* v. *Pruen*, 11 Sim. 202; *King* v. *Woodhull*, 3 Edw. Ch. 79; *Brown* v. *Higgs*, 4 Ves. 708; *Thayer* v. *Wellington*, 9 Allen, 283, 295.