NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1883.

## CAMPBELL V. MACKIE.

*In the matter of the judicial settlement of the account of* JAMES B. MACKIE, *the executor of the last will and testament of* ISAAC ACHESON, *deceased.*

Testator, by his will, gave a legacy in the following words: "I give and bequeath to my friend B. or his heirs one thousand dollars," and named B. as an executor.—

*Held*, that this language was inconsistent with the theory that the bequest was designed as a compensation for services which testator expected would be rendered by the legatee in the administration of the estate.

*It seems*, that the right of an executor, existing under our statutes, to demand commissions weakens, if it does not extinguish, the force of the presumption, recognized by the English authorities, that a legacy to one named as an executor is conditional upon his acting as such—this presumption being based on the common-law principle that such an officer has no right to any compensation, save that which was granted by the testator himself.

Upon an executor's accounting, the Surrogate's court will not entertain objections to the disbursement of sums paid by him as costs and counsel fees, on the proceedings to prove decedent's will, pursuant to the decree therein rendered.

While one acting as executor cannot lawfully receive counsel fees for services rendered by him to decedent's estate, an accounting executor's claim to be reimbursed for payment of such fees to one named in the will as executor who has never taken letters or exercised any executorial control over the estate, though he has filed no renunciation, must be passed upon precisely as if the latter had not been so named.

*It seems*, that if one so named but not acting, as executor, render legal services to the estate, the payment to him of a legacy given to him *as executor* would not preclude the acting executor from claiming such reimbursement on his accounting, but would only justify the disallowance of credit for payment of the legacy.

EXCEPTIONS by Robert Campbell, a legatee under decedent's will, and others, to referee's report on executor's accounting. The facts appear sufficiently in the opinion.

G. H. BREWSTER, *for executor*.

TAYLOR & FERRIS, *for Robert Campbell and another*.

CHAS. J. BRECK, *special guardian for Isaac A. Mackie*.

THE SURROGATE.—Two questions, which seem to me deserving of comment, have been raised by the exceptions to the referee's report upon the account of the executor of this estate.

1. It is claimed that the sums, paid by such executor as costs and counsel fees upon the probate of the will, were excessive, and that he should not be credited with their payment. This objection cannot be sustained. I am not at liberty, in such a proceeding as the present, to consider whether the payments complained of were or were not reasonable and proper. The fact that they were sanctioned by the then Surrogate, and made in pursuance

of his order, constitutes a sufficient warrant for the executor.

2. It is claimed that the referee erred in allowing credit to the accounting party for the various sums, paid by him to Mr. Brewster for legal services. The contention is based upon the fact that Mr. Brewster was named as executor in the will of the testator. This debarred him, it is urged, from receiving any other compensation, for services in the administration of this estate, than such commissions as are awardable by law.

It is clear that, if Mr. Brewster has been acting as executor, he cannot lawfully claim counsel fees (Collier v. Munn, *41 N. Y., 143*). It seems that he applied for an allowance, as counsel, at the time of the probate proceedings before my predecessor, and that his application was refused upon substantially the ground now urged by this contestant. This fact was known to the accounting executor, and was a warning to him that, for any payment he should thereafter make to Mr. Brewster for counsel fees, he might be refused credit.

It now appears, however, that Mr. Brewster has never taken letters testamentary, and has never actually exercised any executorial control over the estate. So far, therefore, as concerns the claim of the accounting party to be reimbursed for his payments to Mr. Brewster, I must pass upon it precisely as if that gentleman had not been named in decedent's will.

Some stress is laid by the contestant upon the fact that no renunciation, formally executed as prescribed by law, is shown to have been filed with the Surrogate. The evidence tends to establish that a written paper of some sort was so filed, but it is true that its precise contents

are not disclosed, and that it is not shown to have been acknowledged in conformity with the statute.   This, however, in my judgment, is a circumstance of no importance to the present inquiry.

It seems, also, to be insisted that both Mr. Brewster and the accounting party are in some sense estopped from denying Mr. Brewster's executorship by the fact that he has received and accepted a legacy given him by the testator's will.

This contention does not seem to me well founded. Even if it were beyond question that the bequest to Mr. Brewster was given as a reward for his future services as executor, its payment would not preclude the accounting party from claiming to be reimbursed for sums paid to Mr. Brewster as counsel.   It would simply justify the disallowance of credit for the $1,000 legacy, which, in the case supposed, would not have become due, because of the failure of the legatee to comply with the conditions. But the question would still recur: Had Mr. Brewster, in fact, acted as executor ?   If not, the grounds which could be justly urged against the allowance of sums paid him for legal services would be such, and such only, as might be justly urged against similar allowances for payments to other counsel.   I am, however, convinced that Mr. Brewster's title to his legacy was not burdened with the condition that he should accept the office of executor.

The English rule on this subject is thus stated, in 1 Roper on Legacies, 780: "Bequests to individuals who are executors are considered *prima facie* to be given to them in that character  .  .  .  .  and, when it is once settled that the bequests are made to them as executors, if they renounce the trusts, refuse to act or are guilty of

culpable neglect in not undertaking the executorship, or from mental or bodily infirmity are incapable, and die before taking upon themselves the trusts, the condition upon which the legacies are given being not performed, they cannot be claimed" (see, also, to same effect, Abbot v. Massie, *3 Ves., 148;* Read v. Devaynes, *3 Bro. C. C., 95;* Stackpoole v. Howell, *13 Ves., 418;* Hanbury v. Spooner, *5 Beav., 630;* Andrew v. Trinity Hall, *9 Ves., 525;* Piggott v. Green, *6 Sim., 72;* Calvert v. Sebbon, *4 Beav., 222).*

There are a few American decisions, in which the subject is discussed, and the English rule recognized (Kirkland v. Narramore, *105 Mass., 31;* Rothmahler v. Myers, *4 Desauss., 215;* Granberry v. Granberry, *1 Wash. [Va.], 246).*

None of the English cases state the origin of the doctrine, that a legacy to one named as executor is presumptively conditional. It seems to me, however, that it was a natural corollary from the common law principle, that such an officer had no right to any compensation, save that which was granted by the testator himself. This condition of the law might very naturally have given rise to the presumption, in the absence of evidence to the contrary, that, by a bequest to one nominated as executor, a testator designed to compensate him in advance for services in the after administration of the estate.

With us, on the other hand, the law recognises the right to demand commissions; a fact which certainly weakens, if it does not altogether extinguish, the force of the presumption recognised by the authorities above cited. The precise question seems never to have arisen in any reported case in our own State, and its decision is

not essential to a determination of the matters here at issue; for, whatever presumption there may be, it is of course open to rebuttal, and, in the case at bar, is effectually dispelled by the very terms of the bequest itself.

. The testator says: "I give and bequeath to my friend George H. Brewster, or his heirs, one thousand dollars." This language seems to me to be inconsistent with the view, that the bequest was designed as, in any sense, a recognition of services expected to be rendered by the legatee in the administration of the estate.

Of the several items comprised in the executor's account with Mr. Brewster, I must absolutely disapprove the first. This item appears to relate to that gentleman's legal assistance in matters connected with the probate proceeding, and was paid in spite of the fact that the Surrogate had rejected Mr. Brewster's application for an allowance.

It would almost seem as if the executor's present claim for reimbursement must be due to inadvertence. I feel bound to add that, even if this item had not already been substantially disallowed, I should now reject it. For though, as has been already stated, the orders whereby certain awards were made to counsel cannot be here reviewed, they may well be examined, and the circumstances under which they were made may properly be considered, for the sake of discovering whether the executor should be now sustained in his claim to be reimbursed for payments connected with the probate, but not directed by the court.

The examination satisfies me that he ought not to be sustained as to this item of $300, and, without intimating that he has hitherto been allowed too much, I have a de-

cided opinion that he ought not to be allowed any more. Contestant's objection to the item of $300 is therefore sustained.

The report of the referee, as modified in the particulars above directed, is confirmed, and an order may be entered accordingly.