# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed April 3, 1893.

ALKMAN H. FOSTER-BARHAM

VS.

E. CALVIN WILLIAMS, EXECUTOR, ET. AL.

*William Pinkney Whyte* for plaintiff.

*Hinkley & Morris* for defendants.

WICKES, J.—

The bill is filed for the construction of the following clause from the first codicil to the will of Mrs. Mary A. Conine. It is as follows:

"Whereas, in the twenty-third clause of my said will, I have given and bequeathed to my son-in-law, General Frederick A. Starring, the sum of five thousand dollars, absolutely, I do hereby revoke said bequest, and do hereby give and bequeath the sum of five thousand dollars to Alkman H. Foster-Barham, the husband of my granddaughter, Nannie Foster-Barham, absolutely.

"Whereas, in the forty-eighth clause of my said will, I have nominated, constituted and appointed my son-in-law, General Frederick A. Starring, one of the executors of my said will, I do hereby revoke said appointment, and do hereby nominate, constitute and ap-

point in his place and stead the said Alkman H. Foster-Barham, husband of my granddaughter, Nannie Foster-Barham, with the same powers and authority as if he had been originally named as executor in my said will, and to act as co-executor with E. Calvin Williams, the other executor named in my said will. And as I have left to the said Alkman H. Foster-Barham a legacy by this codicil, it is my will that the said legacy shall be in lieu of his commissions as such executor. And it is my will further that the said Alkman H. Foster-Barham be allowed to qualify and act as such executor without giving bond."

General Starring is an American citizen and could have acted. Mr. Barham is a British subject and is excluded by the laws of this State from taking the office of executor.

The question is, whether, it being impossible for him to act, he is entitled to the legacy, it being admitted that he never qualified, or attempted to qualify, or did any act as executor of the will.

I do not pause to inquire whether the bequest was made to him in any other capacity than that of executor for the reason that the identical language is used in the appointment of Mr. Williams, a co-executor named in the will, in construing which the Court of Appeals held in Renshaw vs. Williams decided at April term, 1892, not yet reported, "there can be no doubt that the legacy was given to Mr. Williams, not as a gratuity, and not unconditionally, but in lieu of commissions as executor." I can scarcely imagine that because the testatrix refers to Mr. Barham as the husband of her grand-daughter that she meant that he was to take the legacy discharged from the condition upon which it was given to him. On the contrary, we must bear in mind for the purpose of this inquiry, that the testatrix meant precisely what she said, that the legacy left to him "shall be in lieu of his commissions as such executor," and that he must perform the duties of executor to entitle himself to the legacy unless there is something in his

case to take it out of the general rule which governs the decision of such questions. That general rule of law, as established by a long roll of cases, is not only, that where a bequest is to a person who is appointed executor, the *prima facie* presumption is that it is given to him as executor, but that in the absence of circumstances which show that it was intended for him in a distinct character, that if he fails to act, he cannot take the legacy. It is only a question as to how far the cases have gone in this direction.

Of modern decisions there is a singular paucity, and we are remitted, almost entirely, so far as my own investigation has gone, or so far as the learned solicitors have enlightened me, to the older English authorities on this subject. It is not singular that the precise question before us has not been decided there, for an alien friend may act as executor in that country, and so may an alien enemy if he be a peaceful resident. Flood on the Law of Wills, 458.

In Haney vs. Watney. L. R., 2 Eq. 418, the bequest was, "I give and devise to P. W. & H., my executors, hereinafter named," a certain sum. "I give the said sum to the said P. W. & H. in equal shares for their own respective *absolute use and benefit*."

Sir I. Stewart, V. C., held: "In this case the bequest was clearly annexed to the office, and therefore the executor and trustee who never acted is not entitled."

In Angerman vs. Ford, 29 Beav. 351, Sir John Romilly, M. R., said, "it is well settled that he (the executor) must *clothe himself with the character of executor* before he can claim his legacy. Mr. Jessel argued, and I am disposed to concur with him, that his right to the legacy depends upon whether he has *bona fide* taken upon himself the duty of executor."

In Stansbury vs. Spooner, 5 Beavan 630, and in Re Hawkins, trusts, 33 Beav. 570, Sir J. Romilly said, "I was at first not satisfied that he (the executor) might not be entitled to the legacy, he being prevented by the *act of God* from performing the duties of

that office. I have, however, been since referred to the case of Hanburg vs. Spooner, 5 Beav., which seems to have decided the exact point that the executor is not entitled. In that case an aged executor who was incapable by bodily and mental infirmity of proving the will, was held not entitled to a legacy given by the testator's will to him as executor. That is the precise point here.* * * *If the executor is unable to prove, he is not entitled to the legacy."*

In Read vs. Devaynes, 3 Bro. 95, Cox 285, a man appointed A and B executors of his will, and requested them to accept L100 each as a small mark of his gratitude for the friendship they had always favored him with. Lord Alvanley said "the parties could not take without acting as executors, notwithstanding the legacy was given as an acknowledgment of past favors." During the progress of the case, the question was propounded by counsel: "Does your Honor think a child is in that predicament, that unless he acted in the executorship, he could not take a portion given him in the same will? His Honor said he *did.*" Under the English law an infant under the age of twenty-one cannot take probate of a will.

In Kirkland vs. Narramore, 105 Mass. 31, the cases cited here are followed. In that case, the trustee died before he qualified as such. The Court said, "The authorities fully sustain the position taken by the residuary legatees, that when bequests are made to individuals, in the character of trustees or executors, and not as marks of personal regard only, the legacies are held to be given on an implied condition, namely, *that the persons clothe themselves with the character in respect to which the benefits were intended for them,*" using almost the precise language of Sir J. Romilly in Angerman vs. Ford.

So that whether a person named as executor refuses to act—or fails to act because of bodily or mental infirmity—illness or death; or is disqualified because of infancy—in each and every case the Courts have refused the leg-acy when it was annexed to the office. The rule seems to rest upon the failures "to clothe themselves with the character in respect of which the benefits were intended for them" without regard to the cause of that failure. And I have found no case and been referred to no case in which it is suggested that the application of the rule depended upon the character of the disqualification.

I am quite aware of the well settled rule of law that if a legacy be given only on the fulfilment of a condition which is impossible in its very nature —as in the familiar cases—that the legatee walk to Rome in a day, or drink all the water out of the sea, that the gift will be discharged from the condition imposed, whether it be precedent or subsequent. This was the rule of the civil law concerning legacies, but to it there are these exceptions. 1 Rop. Leg. 755; Hays & Jarmon on Wills, 404 8th Ed.; Williams on Executors, 6 Amer. Ed. 1372.

1. Where the fulfilment of the condition is the sole motive of the gift.

2. Where the impossibility was not known to the testator when he imposed the condition.

3. When the condition, originally possible, has become impossible by the act of God.

I think the case at bar is within the first and second of these exceptions, although I confess that I have felt great embarrassment in reconciling the rule on the one hand touching impossible conditions attached to legacies with the strong current of decisions on the other which seems to exclude executors from the operation of that rule.

The question involved is interesting and important, concerning which there is evidently a great diversity of opinion, I regret that I have not had the advantage of oral argument, and have had even a very limited time in which to consider the briefs submitted, as it is desired by all the parties in interest that the case shall at once go to the Appellate Court.

*—Decree accordingly.*