SAMUEL ZELTSERMAN & another, administrators, *vs.* FRANK D. WOODS & others.

Middlesex. March 9, 1955. — July 5, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Devise and Legacy,* Bequest to fiduciary.

A will as a whole showed that the testatrix intended that a gift of the remainder interest under a trust of the entire residue of her estate to a person by name provided he survived the life beneficiary of the trust should go to the named person irrespective of any services by him as trustee under the will, which nominated him trustee of that trust; and, upon the trust failing because the life beneficiary predeceased the testatrix and upon the named person surviving her, the residue should be distributed to him.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on November 23, 1953.

The case was heard by *Monahan,* J.

*Henry D. Winslow,* stated the case.

*Louis Abrahams,* for Frank D. Woods and another.

*George B. Redding,* for Herbert M. W. Brigham.

WILLIAMS, J. This is a petition for instructions by the administrators with the will annexed of the estate of Mae F. Woods, late of Cambridge, who died on January 25, 1953. By her will, which was dated July 18, 1950, she provided as follows: After the payment of debts and funeral expenses "All the rest, residue and remainder of my estate . . . I give, devise and bequeath to my trustee hereinafter named . . . in trust . . . with full trust powers . . . . Until distribution as herein directed the trustee shall retain all the powers and authorities herein given. . . . Said trustee shall pay from said trust such income and principal as he shall deem necessary to or for the benefit of my mother, Sarah L. Woods, for and during the term of her natural life. Upon the death of my said mother said trustee shall pay her

funeral expenses as soon as convenient and any balance of trust property then remaining I give, devise and bequeath to Herbert M. W. Brigham, of Belmont in said County of Middlesex, if he shall be living at that time, free and discharged of all trusts, but if he shall not be living at that time, then I give, devise and bequeath the same to W. Stanley Field, of Weston in said County of Middlesex. . . . I hereby nominate and appoint said Herbert M. W. Brigham to be the executor of and trustee under this my last will and testament, but if he shall be unable or shall not desire to serve, then I nominate and appoint said W. Stanley Field to fill any such vacancy, and I direct that whoever shall act as executor or trustee hereunder shall be exempt from furnishing any surety or sureties on any official bond required."

No testimony was offered in the Probate Court, but it was stipulated by counsel that Sarah L. Woods, the life beneficiary, died on November 7, 1951; that Herbert M. W. Brigham survived the testatrix; that both he and W. Stanley Field declined to serve as executors; that the will was allowed on June 24, 1953; and that the petitioners were appointed administrators with the will annexed. The petitioners pray to be instructed whether the estate shall be distributed to the respondents who are the heirs at law of the testatrix "as intestate property," or to Herbert M. W. Brigham. It was decreed by the Probate Court that the residue of the estate be distributed to Brigham, and the heirs at law appealed. We think that the instructions were correct. The trust for the benefit of the mother failed because of her death before that of the testatrix, and the equitable life estate lapsed. The residue was left to Brigham provided that he should survive the life tenant. The appellants contend that, notwithstanding this express provision of the will, the legacy was intended only as compensation for services as trustee and that, as he never assumed the duties of trustee, he is not entitled to the legacy. They rely upon the rule stated in *Kirkland* v. *Narramore,* 105 Mass. 31, 32, "when bequests are made to individuals in the character of trustees or executors, and not as marks of per-

sonal regard only, the legacies are held to be given on an implied condition, namely, that the persons named clothe themselves with the character in respect of which the benefits were intended for them. . . . [B]equests to individuals who are executors are considered prima facie to be given to them in that character; a presumption to be repelled by the nature of the legacies, or other circumstances arising in the will." See also *Batchelder, petitioner*, 147 Mass. 465, 470. A will is to be construed so as to effect what is believed to be the intention of the testator and an intestacy, if possible, is to be avoided. *Brown* v. *Tuckerman*, 260 Mass. 584, 588. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412. It is to be noted that in the present case Brigham was designated as legatee by his own name and not as trustee. It is provided that if he shall "not desire to serve" Field is nominated to be trustee in his stead. If Field in that event should become trustee, no provision is made for any legacy to him, although the services which he would render would be the same as those which Brigham would have rendered. It seems plain that the testatrix had a personal reason for bestowing a legacy upon Brigham which was not dependent on his serving as trustee. Furthermore, we think it unlikely that the testatrix intended to give her entire estate as compensation for what might well be a brief term of service as trustee. It may be noted that in the *Kirkland* case after providing for life estates in terms similar to those in the present case the bequest over was for a definite amount and to the "above trustee," and that this bequest was followed by others including one of the residue. We think that sufficient appears to show that the testatrix intended that Brigham should have the legacy irrespective of any services by him as trustee.

*Decree affirmed.*