NATIONAL SHAWMUT BANK OF BOSTON, executor, *vs.*
EVA ZINK, executrix, & others.

Middlesex.    January 6, 1964. — March 5, 1964.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Devise and Legacy,* Correction of defective expression, Intestacy, Heirs, Remainder.    *Descent and Distribution.*

A will devising the testator's home to his widow for life or until remarriage, with directions for sale of the home and use of the proceeds for the benefit of a church upon her remarriage, but silent as to the disposition of the home in the event of her death without having remarried, contained no indication of the testator's intent with respect thereto which could be given effect by correction of the defective expression, and in that event there was an intestacy as to the remainder interest in the real estate.    [195–196]

Upon a construction of a will resulting in an intestacy as to the remainder interest in real estate of the testator following a life estate of his widow, she was entitled to share in such remainder interest with the testator's other heirs under the statute of descent and distribution in the absence of anything in the will to the contrary.    [196]

PETITION filed in the Probate Court for the county of Middlesex on December 28, 1962.

The case was heard by *Leggat,* J.

*Paul V. Power (Bancroft R. Wheeler* with him) stated the case.

*William A. Cotter, Jr.,* for Eva Zink, executrix.

*John H. Linsley* for Floyd Donaldson, executor, & others.

REARDON, J.    The petitioner, as it is executor of the will of Eugene A. Richardson, who died on April 16, 1950, seeks instructions on the disposition of a portion of the remainder interest of the testator's estate.    The will was admitted to

probate on June 21, 1950, and provided: "To my wife, Delia R. Richardson, my home for her use for life, if she does not choose to remarry. If she remarries the home to be sold and the profits from same to be placed in a trust fund for the Methodist Episcopal Church of Carthage, N. Y. To my wife all of my personal property of every name and description no matter where located or situated, the same to be diverted into cash and a trust fund created for her as long as she remains without remarrying. Upon her remarriage the trust fund will immediately revert to my living brother or sisters and if they do not survive me, to be distributed equally to the Shriner's Home for Crippled Children at Springfield, Mass. and the First Methodist Church at Oswegatchie, N. Y." A compromise agreement dated October 16, 1951, and subsequently approved by the Probate Court settled between the parties interested in the estate all questions relative to the disposition of personal property, and it has been distributed.

The testator on the date of his death was seized and possessed of land with a house thereon located at 67 Sutherland Road, Arlington, which was occupied by his widow Delia Richardson until her death on July 20, 1960. She had never remarried. Her executrix is the respondent Eva Zink. Upon the death of Delia Richardson, the petitioner sold the real estate in Arlington and now holds the proceeds of the sale. The petition was taken for confessed as against the Methodist Episcopal Church of Carthage, New York. The other respondents, the appellees, are the testator's two sisters, two of his nieces, a nephew and a deceased nephew's executor. The Probate Court on June 5, 1963, entered a decree that the "petitioner distribute the net proceeds of . . . [the] sale in equal shares to the brothers and sisters of . . . Eugene A. Richardson, now living, or to the legal representatives of any brother or sister living at the date of death of . . . Eugene A. Richardson." From this decree Eva Zink has appealed.

1. While "[i]t is well settled that a construction of a will resulting in intestacy is not to be adopted unless plainly

required; and it is to be presumed that when a will is made the testator intended a disposition of all his property and did not intend to leave an intestate estate'' (*Lyman* v. *Sohier,* 266 Mass. 4, 8), it is equally true that we cannot infer that intent when the will conveys no hint of what it was. Newhall, Settlement of Estates (4th ed.) § 361. See *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 710–711. This will is silent as to an express disposition of the real estate upon the decease of the life tenant. Furthermore the testator's intent relative thereto cannot be derived from sufficient declaration in any part or the whole of the instrument. Compare *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370; *Second Bank–State St. Trust Co.* v. *Wasserman,* 337 Mass. 195. We are left to conjecture. ''[T]he intent so to be carried into effect must be one which appears from the terms of the instrument and not one founded on a construction based merely upon silence, conjecture or the relationship of the parties.'' *Bailey* v. *Bailey,* 236 Mass. 244, 247. *Wheeler* v. *Kennard,* 344 Mass. 466, 470. We are of opinion that there was an intestacy as to the disposition of the real estate following the testator's widow's death.

2. We also are of opinion that the widow's estate is entitled to share in the intestate property. This case, as has been emphasized by the appellant, is very close on its facts to *Langlois* v. *Langlois,* 326 Mass. 85. There was nothing in the will in that case, nor is there anything in the present will, to indicate ''any intention that the life beneficiary should be barred from sharing in the intestate property or that the residue should not be disposed of according to law.'' *Id.* at 89, and cases cited. See *First Safe Deposit Natl. Bank* v. *Westgate,* 346 Mass. 444, 448. *Bragg* v. *Litchfield,* 212 Mass. 148, relied on by the appellees, concerned a will in which the testator indicated that he ''intended the provision which he made for his widow to be a full and final provision for her.'' *Id.* at 152. Such is not the case with this will which remains silent where the *Bragg* will had something to say.

Since the testator died in 1950, disposition of the proceeds of the sale of the real estate will be governed by G. L.

c. 190, § 1, as amended by St. 1945, c. 238, § 1, and by G. L. c. 190, §§ 2, 3.

3.  The decree is reversed and a new decree is to be entered in conformity herewith.  The parties are to have costs and expenses of this appeal in the discretion of the Probate Court.

*So ordered.*