NEW ENGLAND MERCHANTS NATIONAL BANK OF BOSTON, trustee, *vs.* LILA D. MASON, executrix, & others.

Middlesex.    January 7, 1966. — February 9, 1966.

Present: WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Devise and Legacy,* Remainder, Construction against intestacy, Correction of defective expression.

Respecting a will providing for an interim disposition of the testator's property for ten years, directing that at the end of the ten years a trust in a certain amount be established for each of two daughters of his as life beneficiary, and giving at that time "all of . . . [his] property . . . except said sums for the" trusts to a son of his for whom, he stated, he "most liberally provide[d]," but making no express provision as to the disposition of the remainder interest in the trust of one of the daughters in the event, which occurred, of failure at her death of the remaindermen designated in the will, it was held that in the circumstances such remainder interest should not pass as intestate property, but should pass under the gift to the testator's son, treating that gift as equivalent to a gift of all the testator's property "subject to" the requirements of the trusts.

PETITION for instructions filed in the Probate Court for the county of Middlesex on January 18, 1965.

The case was reserved and reported by *McMenimen,* J.

*Robert W. Emmons* stated the case.

*Colette Manoil* (*Edwin H. L. Carr* with her) for the respondent Barbara C. Cleveland, executrix; *Robert M. Zimmerman,* for the respondent Dorothea Cushing, administratrix, also with her.

*Philip Sherman* for the respondent Lila D. Mason, executrix.

CUTTER, J.    The trustee under the will of Edward H. Norton, who died in 1911, seeks instructions concerning the distribution of property held in trust under art. 12 for the benefit of Josephine Norton and others. The case has been reserved for the determination of this court upon the pleadings and a statement of agreed facts.

By art. 12, the testator left the residue of his estate to George W. Norton in trust for ten years to pay $300 a year to each of two of the testator's daughters, Mary E. Coughlin and Josephine Norton. The balance of the income was to be accumulated. At the end of ten years, the testator directed "that the 'George W. Norton Trust' [should] terminate" and that the trustee should give to the testator's son Charles and his daughter Annie Martin the sum of $1,000 each. Two trusts were then to be created of $15,000 each, one for Mary E. Coughlin (the "Mary E. Coughlin Trust," with which we are not concerned) and one for Josephine Norton (the "Josephine Norton Trust"). Under the latter trust, "the income [was] to be paid to . . . Josephine . . . as long as she lives, and at her death . . . [the trustee was to] pay over said sum of fifteen thousand dollars to the children of my granddaughter Lila D. Mason, who may be alive at . . . the death of . . . Josephine." Then followed a provision (for convenience referred to as the "final gift") which is the principal occasion of the present controversy: [A] *"At the end of the 'George W. Norton Trust,'* I give to . . . my . . . son, George W. Norton, all of my property . . . [B] *except said sums for the 'Mary E. Coughlin Trust' and the 'Josephine Norton Trust'"* (emphasis supplied).[1] The testator then stated that he "most liberally provide[d] for . . . George W. because he has been closer to me than any member of my family, he having always made his home with me, and I having confidence in him to use whatever I may give him discreetly."[2]

---

[1] The letters [A] and [B] in brackets in the quotation have been inserted to make possible convenient reference to the italicized words immediately following such letters, respectively.

[2] The provision continued, "As to the other members of my immediate family, I have not such confidence, and . . . they are inappreciative of the value of money.' Moreover, I have from time to time befriended them." The will also provided that if any person contested the will, "they [shall] take nothing hereunder and that what is given to them shall go into the residue . . . . In all the divisions of my estate, Lila . . . Mason is to be treated always as my grandchild." Lila was the adopted daughter of George W. Norton.

The testator had five children, George W. Norton, Mary E. Coughlin, Annie L. Martin, Charles E. Norton, and Josephine Norton, the last survivor of the five. Josephine died in 1964. Her will has been filed, but not proved.[3]

Lila D. Mason (fn. 1) had one child, George, who died in 1933 without issue. In 1961 she adopted one Mildred Ethel MacLean. Lila D. Mason, as the executrix of George W. Norton's will, Harold Norton (fn. 3), Florence Fowler (fn. 3), Mildred Ethel MacLean, Mary Norton (fn. 3), and the other legal representatives of the testator's children other than Josephine have been joined as respondents. Annie L. Martin and Charles E. Norton objected to the allowance of the testator's will but later withdrew appeals from the decree allowing the will.

The present petition relates to the distribution of principal and accumulated income now to be made by reason of Josephine Norton's death in 1964. The executrix of the will of George W. Norton contends that there is a final residuary clause within the general residuary provisions of art. 12 which properly should cause the trust property to be distributed to the estate of George W. Norton. The executrix of the will of Mary E. Coughlin and the administratrix of the estate of Annie L. Martin contend that distribution should be made to the estates of the testator's heirs (determined at his death), as intestate property.

The facts stated above suggest that the testator assumed that Lila D. Mason would have children living at Josephine Norton's death. Whatever he may have assumed, he did not make, in the provisions concerning the Josephine Norton Trust, any express gift over in the event of the failure of that trust. From the "final gift," also, he expressly excepted "said . . . [sum] for . . . the Josephine Norton Trust" (see the "final gift," quoted above, language following point [B]). In addition (see language following

---

[3] The sole beneficiary named in that will is one Mary Norton. She, one Charles Norton, one Harold Norton, and one Florence Fowler were Josephine's heirs. Charles died intestate after Josephine, leaving Harold Norton and Mary Norton as his only heirs.

point [A]), the final gift, in terms at least, was to take effect "[a]t the end of the" ten year period of the "George W. Norton Trust," rather than at some later time. The explicit language of the "final gift," literally interpreted, is inconsistent with viewing that provision either (a) as including the property of the Josephine Norton Trust, or (b) as providing for the disposition of such trust property in the event of a failure of the trust later than the end of the ten year period. Also, to view the "final gift" as disposing of the Josephine Norton Trust property would run counter to the well settled principle, recently reaffirmed, "that when a bequest of the residue fails, the property passes by intestacy." *Boston Safe Deposit & Trust Co.* v. *Schmitt*, 349 Mass. 669, 672. See Newhall, Settlement of Estates (4th ed.) § 351, at p. 423, and cases cited. Such a view of the "final gift" (as disposing of the Josephine Norton Trust property) would in effect treat the excepting language of that gift ("except said . . . [sum] for" at point [B] in the "final gift" as quoted above) as equivalent to words such as "subject to the gift of" the sum for the Josephine Norton Trust. Such an interpretation would turn the final gift into a gift of all interest in the Josephine Norton Trust Corpus and income not in fact actually taken at any time by Josephine or by any children of Lila D. Mason.

Lila D. Mason, as executrix, contends however, that, looking at art. 12 as a whole, one can discover an intention that George W. Norton should take by the "final gift" all of the testator's estate not otherwise disposed of by will. It is suggested that this intention (a) would be consistent with the testator's strongly expressed preference for George, (b) would avoid having a part of the trust property pass to the estates of Annie L. Martin and Charles E. Norton, who had objected to the will's allowance, in violation of the provision (fn. 2) barring such persons from taking any interest under the will, and (c) would give effect to the principle "that a construction of a will resulting in intestacy is not to be adopted unless plainly required."

*Lyman* v. *Sohier,* 266 Mass. 4, 8. See *Bagley* v. *Kuhn,* 322 Mass. 372, 375; *National Shawmut Bank* v. *Zink,* 347 Mass. 194, 195–196.

We recognize that there is weight to each of the conflicting groups of contentions, and that the excepting language (at point [B]) of the "final gift," taken literally, indicates that there has been no disposition of the Josephine Norton Trust property in the circumstances which have arisen. See *National Shawmut Bank* v. *Zink,* 347 Mass. 194, 196. Nevertheless, the will as a whole, the testator's indicated intention to be especially generous to George, and the general preference for a construction not involving an intestacy, taken together, lead us to view the "final gift," even with its excepting language, as equivalent to a gift of all the testator's property remaining at the end of the ten year George W. Norton Trust, "subject to" the gifts of whatever property was then, or might thereafter be required, for the Mary E. Coughlin Trust and the Josephine Norton Trust. This construction means that the "final gift" now disposes of the Josephine Norton Trust property because that trust has failed. Our view (see Qua, J., in *Old Colony Trust Co.* v. *Molleson,* 315 Mass. 584, 590) carries the principle that permits supplying testamentary defects by implication (*Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 374; *Loring* v. *Clapp,* 337 Mass. 53, 60) "about as far as it ought to go, but still we think . . . falls within the boundaries of construction" of this will where the scrivener obviously did not foresee all the possibilities.

A decree is to be entered in the Probate Court that the property and accumulated income formerly subject to the Josephine Norton Trust are to be distributed to Lila D. Mason, executrix of the will of George W. Norton. Costs and expenses in this court and in the Probate Court are to be in the discretion of the Probate Court.

                                        *So ordered.*