CHARLES C. KEFAUVER, trustee, *vs.* CHARLES C. KEFAUVER, executor, & others. February 29, 1968. The trustee of the residuary trust created by the will of Jeremiah M. Watson seeks instructions concerning the distribution of the trust estate heretofore held to pay the income to his daughter Lillian during her life. From the decree of the Probate Court, certain of Jeremiah's heirs appeal. Lillian died in 1966 without issue. The pertinent provision is that "at . . . [Lillian's] decease" the property which had been held in trust for her benefit shall be transferred "to her children if she leave . . . children" and that "[i]f either my . . . son Herbert . . . [who died in 1904] or . . . Lillian . . . should die before me leaving no issue, or if . . . [Lillian] though surviving me, should die leaving no issue, I . . . bequeath the share . . . given to such child or for her benefit, to the survivor of . . . the last named children." The probate judge adopted the most reasonable construction of a somewhat confusing provision. He determined that the remaining trust property went at Lillian's death to her executor as part of her estate (rather than passing as intestate property of Jeremiah). Lillian was the survivor of the two "last named children." The will, viewed as a whole, indicated that Jeremiah intended, in the circumstances which in fact occurred, to keep the corpus in trust for Lillian during her life, and to give it at her death to her children or issue, if any, and, if there were none, then to give it to the survivor of Lillian and Herbert. See *Barker* v. *Monks*, 315 Mass. 620, 625 ("a life beneficiary may also have a vested interest in remainder, though [s]he may not . . . [during her] life, enter into possession and enjoyment"). A construction of a residuary gift resulting in partial intestacy is not to be adopted unless that result is plainly required. See *Loring* v. *Clapp*, 337 Mass. 53, 59. Cf. *Wheeler* v. *Kennard*, 344 Mass. 466, 470; *National Shawmut Bank* v. *Zink*, 347 Mass. 194, 195–196.

*Decree affirmed.*

*Bernard G. Sykes* for Howard G. Watson & others.
*Jules E. Angoff* for Charles C. Kefauver, executor.

ANGELINA PINZONE *vs.* MARY G. MANDILE. February 29, 1968. The appellant is the sister of Salvatore Mandile, late of Waltham, who died intestate, leaving a widow (the appellee) and no issue. The appellee filed a petition for determination of value of the estate. The probate judge entered a decree that the whole estate did not exceed $25,000, the amount to which the widow is entitled. G. L. c. 190, § 1 (as amended through St. 1956, c. 316, § 1). The appellant's petition to revoke that decree was dismissed. This appeal is from that dismissal. No error is apparent on the record.

*Decree affirmed.*

The case was submitted on a brief.
*Angelina Pinzone*, pro se.