JANE G. BRAY *vs.* HENRY G. BRAY & others (and a companion case[1]).

Norfolk. March 2, 3, 1971. — May 4, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Devise and Legacy*, Intestacy. *Trust*, What constitutes.

Where a will gave the testatrix's entire estate to her husband but was silent as to the disposition of her estate in the event, which occurred, of his predeceasing her, and she was survived by a sister and cousins, a provision of the will that "I purposely make no gift by this will . . . to my sister" did not preclude her sister from taking the estate under the laws of intestacy. [440–442]

The record in a proceeding in equity in a Probate Court revealed no error in a finding by the judge that "no trust was imposed" for the benefit of the petitioner, the stepdaughter of a widow, on property owned by the widow at the time of her death which allegedly had been held jointly by her and her husband and had passed to her by survivorship, notwithstanding evidence of a memorandum and a statement of the husband, the father of the petitioner, indicating that the widow was to have the use of the property during her life and that the petitioner was to have what was left of the property at the death of the widow, and evidence of the widow's agreement to such arrangement. [442–443]

PETITION for partial distribution filed in the Probate Court for the County of Norfolk on November 15, 1968.

The case was heard by *Fox*, J.

[1] The companion case, Marion M. Gustafson *vs.* George F. Himmel, administrator, involves a petition in equity to establish a trust for the benefit of the petitioner in property in the estate of Mary A. Makepeace, the testatrix.

PETITION in equity filed in that court on December 17, 1968.

The case was heard by *Reynolds, J.*

*William S. Monahan* for Henry G. Bray & others.

*Francis H. George* for Marion M. Gustafson.

*Manuel S. Taylor* for Jane G. Bray & another.

TAURO, C.J.    Jane G. Bray petitioned the Probate Court for a partial distribution under the will of Mary A. Makepeace and an appearance was filed by Henry G. Bray, Harry C. Bray, Gladys B. Brownell and Fred M. Bray. The petitioner moved to have their appearance struck from the record. After a hearing, the Probate Court allowed this motion and the petition for partial distribution; a decree was entered accordingly from which the respondents appeal.

The sole issue presented by the claim of the respondents is whether they, as first cousins, are entitled to the undisposed residue under the will of Mary A. Makepeace, to the exclusion of the petitioner, a sister of the testatrix.

The facts are as follows.

The petition for probate of the will was allowed by the Probate Court on July 31, 1968. The will provided that the entire estate of the testatrix was to go to her husband, Carl G. Makepeace, and further provided, "I purposely make no gift by this will to my mother, Jane Bray, nor to my sister Jane G. Bray, their financial circumstances being such that they do not need anything from me." The husband, named executor under the will, was given certain powers with respect to the sale of real and personal property. There were no additional provisions in the will disposing of the estate in the event the husband predeceased the testatrix. Carl G. Makepeace did, in fact, predecease his wife, and at the time of her death the testatrix was survived by a sister, the petitioner, and her first cousins, the respondents. The mother, Jane Bray, predeceased the testatrix.

The respondents argue that the intent of the testatrix in expressly excluding her sister should eliminate her from

sharing in the undisposed residue of the estate. This contention is without merit. The husband, the sole beneficiary under the will, predeceased the testatrix. There was no residuary clause. The general rule to be applied in such cases is "well settled." *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 121. Where a gift lapses which is itself part of the residue, it must pass as intestate property. *Dresel* v. *King,* 198 Mass. 546. *Frye* v. *Saunders,* 248 Mass. 285. *Hobbs* v. *Chesley,* 251 Mass. 155. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703. See Page, Wills (Bowe-Parker ed.) § 33.58. The respondents, however, claim that the second clause of the will ("I purposely make no gift by this will . . . to my sister Jane G. Bray . . .") is a "clear expression" of intent that the petitioner is not to share in any distribution of the estate made in accordance with the intestate laws of Massachusetts. See G. L. c. 190, §§ 2, 3. This argument raises but does not answer the question of how the testatrix would have disposed of the residue of her property had she contemplated the death of her husband before her own death, an eventuality not provided in the will. See *Wright* v. *Benttinen,* 352 Mass. 495, 498. In the instant case, the testatrix left everything to her husband and excluded her mother and sister, "their financial circumstances being such that they do not need anything from me." The court is left to conjecture as to whether the testatrix would have favored cousins over her sister had she anticipated that her husband would predecease her. See *Bailey* v. *Bailey,* 236 Mass. 244, 247; *National Shawmut Bank* v. *Zink,* 347 Mass. 194, 196. "The provision of the will excluding certain persons named from taking under it . . . cannot be given effect in determining the persons who take this intestate property." *Loring* v. *Dexter,* 256 Mass. 273, 280. The language of Chief Justice Shaw in *Nickerson* v. *Bowly,* 8 Met. 424, 432, is controlling: "But we think the true answer is, that the intention of the testator is to govern, so far only as he has communicated that intention, *by his will,* either in terms or by implication; but if he has left undevised prop-

erty, the disposition of it is not governed by his will, but by another rule having its origin in another source, in the application of which the intent of the testator is not the governing rule, and can have no influence. It operates in the same manner, as if the deceased had left no other property and made no will. . . . If, however, it were thought important to inquire into the intent of the deceased, when he has made a will, but left property undisposed of, either in terms or by implication; as every man is presumed to know the law, it may reasonably be inferred, as his *intention,* that the residue should be disposed of according to law." We perceive no error.

*Decree affirmed.*


### THE GUSTAFSON CASE.

The petitioner, Marion M. Gustafson, brings a petition in equity against the respondent George F. Himmel, administrator with the will annexed of the estate of Mary A. Makepeace, the testatrix, and other named respondents. The petitioner is the stepdaughter of the testatrix, who survived her husband, Carl G. Makepeace, father of the petitioner. Upon a confused record it seems that the petitioner alleges the existence of a trust for her benefit in the property of her father which he held jointly with his wife, Mary Makepeace, and which passed to his wife by right of survivorship.

In support of this claim, the petitioner offered in evidence a signed memorandum written in longhand by her father dated June 26, 1959, and sealed in an envelope which stated: "To be opened after my death." The memorandum read: "It is my desire that Mary [Makepeace] have any or all my money for whatever she needs as long as she lives. I do not want any part of my estate to go to her sister Jane & if there should be any left, I want my daughter Marion to have it." In addition the petitioner testified that in 1956 her father stated to her, in the presence of Mary Makepeace, that everything he had was in joint names

and that Mary could use the same during her lifetime; it was his wish that thereafter it go to Marion Gustafson and that this arrangement was agreed to by Mary Makepeace.

The probate judge found that "no trust was imposed on any proceeds left by Mary Makepeace at the time of her death." This conclusion is clearly supported by the judge's findings. No useful purpose would be served in reviewing them.

In equity the findings of a judge made on oral testimony are not reversed unless they are plainly wrong. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 279. *Boston* v. *Santosuosso*, 307 Mass. 302, 332. *Russell* v. *Meyers*, 316 Mass. 669, 672. A review of the entire record reveals no error.

*Decree affirmed.*