LOUIS ROBOTNICK & others *vs.* PEARL BIKOFSKY. LOUIS ROBOTNICK, administrator, *vs.* PEARL BIKOFSKY & another. May 16, 1972. In one case, an equity suit in the Superior Court, Robotnick, as next friend of his two minor sons, seeks to recover from his aunt, Mrs. Bikofsky, $7,000 allegedly given to her by Robotnick's deceased father, Samuel Robotnick (also her brother) upon an oral trust for various expenses of the minors. The judge, after a hearing at which Robotnick was given full opportunity to present all his claims, found "that whatever . . . [Mrs. Bikofsky] did receive from . . . Samuel . . . has been fully accounted for and paid over" to Robotnick, Samuel's administrator. Robotnick appealed from a final decree dismissing his bill. There was a report of material facts. In the other case, a petition for contempt in the Probate Court, Robotnick, as administrator, sought to have Mrs. Bikofsky and her husband, Abraham, adjudged in contempt for noncompliance with a decree dated November 29,

1967, requiring transfer to Robotnick, as administrator, of $4,606.82 and "all savings, bank books, and other documents in their possession belonging to" Samuel's estate. By his report of material facts, the probate judge found that "[a]ll the property . . . was promptly turned over" through Mrs. Bikofsky's counsel to Robotnick's attorney and that the decree of "November 29, 1967, was fully complied with." Robotnick appealed from a decree dismissing the petition. The obscure, confusing, and not wholly consistent evidence in both cases is reported. It justifies the findings and conclusions in each case. The findings are not plainly wrong. See *Malden Trust Co.* v. *Brooks*, 291 Mass. 273, 279; *Bray* v. *Bray*, 359 Mass. 439, 443. In each case the judge could believe general testimony that Mrs. Bikofsky (and her husband) turned over all property belonging to Samuel or his estate, either to Robotnick (as administrator) through counsel, or by way of proper expenditures for Samuel during his life. Each decree is affirmed. In the Superior Court case, the defendant is to have costs of appeal. In the Probate Court case, costs (including costs of appeal) are to be in the discretion of that court.

*So ordered.*

The case was submitted on briefs.
*Louis Robotnick*, pro se.
*Paul Karger & Howard J. Alperin* for Pearl Bikofsky & another.